PER CURIAM:
*1223 This appeal requires us to decide whether indictments and evidence of an arrest constitute sufficient evidence to support the decision of a public housing authority to terminate housing subsidies provided under Section 8 of the Housing and Community Development Act of 1937, 42 U.S.C. § 1437f. The Decatur Housing Authority terminated Sheena Yarbrough's housing voucher after it learned that she had been arrested and indicted on two counts of unlawful distribution of a controlled substance. A hearing officer found that there was sufficient evidence to support the termination based on nothing more than evidence that Yarbrough had been arrested and copies of the indictments.
Yarbrough filed a civil-rights complaint against the Authority, 42 U.S.C. § 1983, in which she alleged that the termination of her housing voucher violated the Due Process Clause of the Fourteenth Amendment and regulations promulgated by the United States Department of Housing and Urban Development. The district court granted summary judgment in favor of the Authority. It ruled that the indictments and the evidence that Yarbrough had been arrested were sufficient to prove that she engaged in drug-related criminal activity under a preponderance-of-the-evidence standard, and that Yarbrough failed to establish that the Authority's procedures violated due process. We vacate and remand.
I. BACKGROUND
Sheena Yarbrough was a qualified participant in the Section 8 Housing Assistance program operated in Decatur, Alabama, by the Authority under the administration of the Department of Housing and Urban Development. The Section 8 program provides low income families assistance with rental payments. Public housing authorities have the power to terminate assistance under Section 8 if any member of a participating family engages in drug-related criminal activity. 24 C.F.R. § 982.551(l) ; see also id. § 982.553(b)(1)(iii). Indeed, the regulatory requirement to refrain from drug-related criminal activity was incorporated into the terms of Yarbrough's agreement with the Authority. On April 6, 2011, she signed a copy of a document issued by the Department of Housing and Urban Development entitled "Obligations of the Participating Family," which provided that "members of the family may not engage in drug-related criminal activity."
In September 2012, the Authority learned from a newspaper article that Yarbrough had been arrested on state charges for unlawful distribution of a controlled substance. The Authority notified Yarbrough that it intended to terminate her program assistance for participation in drug-related criminal activity. Yarbrough denied any involvement in unlawful activity *1224 and requested a hearing. A hearing officer found that the allegations were true and determined that Yarbrough's housing voucher should be terminated. But based on legal advice, the Authority decided that it would postpone its decision to terminate Yarbrough's housing assistance "until a court date or decision was rendered."
On April 11, 2013, a grand jury for the Circuit Court of Limestone County, Alabama, returned two indictments against Yarbrough on charges of unlawful distribution of controlled substances sold to an undercover police informant. After Yarbrough reached an agreement with the prosecution to drop the charges, the Circuit Court issued an order stating that "upon payment of court costs, [the] case will be dismissed." But Yarbrough's agreement with the state did not deter the Authority from resuming its proceedings to terminate her voucher. On October 8, 2015, the Authority sent Yarbrough a second notice of its intent to terminate her participation in the Section 8 program. The notice alleged several grounds for termination, including Yarbrough's arrest and indictment for distribution of a controlled substance.
At Yarbrough's request, the Authority held a second hearing to determine whether her voucher should be terminated. After the hearing concluded, the hearing officer issued a written decision that the Authority failed to establish violations on all counts alleged in the notice except for the allegation that Yarbrough "violated her agreement with the Authority and her lease by engaging in drug-related criminal activity." Based on the latter ruling, the hearing officer upheld the Authority's decision to terminate Yarbrough's participation in the Section 8 program. His decision explained that the evidence of Yarbrough's arrest and indictments for two felony counts of unlawful distribution of a controlled substance was sufficient to establish that Yarbrough engaged in drug-related criminal activity. The hearing officer stated that Yarbrough presented "credible evidence that the cases will be dismissed on payment of court costs." But the hearing officer determined that because the charges remained pending and the indictments were issued by a "duly impaneled grand jury," the evidence was sufficient to establish that "more likely than not, i.e. by a preponderance of the evidence, Ms. Yarbrough engaged in drug related criminal activity in violation of the terms of her agreement with the Authority."
Yarbrough filed a civil-rights suit against the Authority, 42 U.S.C. § 1983, in which she alleged that the Authority violated federal regulations and the Due Process Clause of the Fourteenth Amendment by basing its termination decision on legally insufficient evidence and relying exclusively on hearsay. After discovery, both parties moved for summary judgment. The district court granted summary judgment in favor of the Authority on the grounds that the indictments established that Yarbrough engaged in drug-related criminal activity under a preponderance-of-the-evidence standard and that relying on the indictments comported with due process.
II. STANDARD OF REVIEW
We review a "summary judgment de novo, applying the same legal standards used by the district court." Galvez v. Bruce , 552 F.3d 1238, 1241 (11th Cir. 2008).
III. DISCUSSION
Yarbrough challenges the summary judgment in favor of the Authority on two grounds. First, she contends that the hearing officer's determination was premised on insufficient evidence because the probable-cause determination reflected in an indictment *1225 or an arrest does not prove that a person engaged in drug-related criminal activity under the applicable preponderance-of-the-evidence standard. Second, she argues that the hearing officer's decision to credit unreliable hearsay violated the Due Process Clause of the Fourteenth Amendment. We conclude that Yarbrough's first argument mandates reversal, so we need not reach her alternative argument.
Under the governing regulation, "[f]actual determinations relating to the individual circumstances of the family" in a Section 8 termination hearing "shall be based on a preponderance of the evidence presented at the hearing." 24 C.F.R. § 982.555(e)(6). In Basco v. Machin , 514 F.3d 1177 (11th Cir. 2008), we interpreted this regulation to establish that, in a proceeding to terminate benefits received through the Section 8 program, a public housing authority "has the burden of persuasion and must initially present sufficient evidence to establish a prima facie case" that the recipient committed an act that licenses termination of his Section 8 voucher. Id. at 1182. Based on this interpretation, we held that a hearing officer's determination that Section 8 participants permitted an unauthorized individual to reside in their unit was legally insufficient to establish a prima facie case that the participant had actually done so. Id. at 1183-84. The only evidence considered by the hearing officer consisted in two unauthenticated police reports that failed even to use the same name to identify the unauthorized individual who allegedly resided with the Basco family. Id. at 1183.
Yarbrough maintains that the hearing officer's determination that her voucher should be terminated is invalid under Basco . The hearing officer charged with reviewing the decision to terminate her voucher relied exclusively on her indictments for unlawful distribution of a controlled substance and evidence of her associated arrest. Yarbrough argues that because an indictment or valid arrest is based only on a finding of probable cause, the evidence considered by the hearing officer was insufficient to support a factual finding that she engaged in drug-related criminal activity under the preponderance-of-the-evidence standard applicable to Section 8 termination proceedings.
The district court rejected this argument based on the endorsement in Kaley v. United States , 571 U.S. 320, 134 S.Ct. 1090, 188 L.Ed.2d 46 (2014), of the principle that a facially valid indictment " 'conclusively determines the existence of probable cause' to believe the defendant perpetrated the offense alleged." Id. at 328, 134 S.Ct. 1090 (quoting Gerstein v. Pugh , 420 U.S. 103, 117, n.19, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) ). Based on this premise alone, the district court inferred that the indictments against Yarbrough "are legally sufficient to establish by a preponderance of the evidence, as the hearing officer found, that Yarbrough engaged in the alleged drug-related criminal activity." We reject this reasoning.
A facially valid indictment is undoubtedly competent evidence of "a grand jury's finding of probable cause to think that a person committed a crime," Kaley , 571 U.S. at 338, 134 S.Ct. 1090, but proof of a crime under a preponderance standard requires more than a finding of probable cause. A probable-cause determination "does not require the fine resolution of conflicting evidence that a reasonable-doubt or even a preponderance standard demands, and credibility determinations are seldom crucial in deciding whether the evidence supports a reasonable belief in guilt." Gerstein , 420 U.S. at 121, 95 S.Ct. 854. That a grand jury determined that the evidence against Yarbrough was sufficient to support a reasonable belief in guilt cannot *1226 in itself prove that she more likely than not committed the charged offenses, any more than an indictment for a criminal offense can conclusively prove liability for a civil offense with the same elements.
It makes no difference that the hearing officer relied on two indictments and evidence that Yarbrough had been arrested instead of a single indictment. Three probable-cause determinations do not add up to a finding that a person more likely than not committed a drug-related crime. Probable cause "requires only the kind of fair probability on which reasonable and prudent people ... act." Kaley , 571 U.S. at 338, 134 S.Ct. 1090 (citations and quotation marks omitted). But an affirmative answer to the question of fair probability does not mean that the person more likely than not committed the charged crime. Even if it is certain that there is probable cause to believe that a person committed a crime, it still does not follow that the preponderance of the evidence proves that he actually did so.
Nor are we persuaded by the Authority's response to Yarbrough's challenge. The Authority concedes that "the burden of proof in grand jury proceedings is probable cause," but argues that this fact "does not mean that indictments-tested under cross examination at an informal hearing-cannot also establish that, more likely than not, a recipient engaged in impermissible drug-related criminal activity." Cross-examination cannot transmute a document attesting only to the existence of probable cause into evidence sufficient to ground a finding under a preponderance standard unless the testimony of the witness adds some new information over and above the bare fact that a probable-cause determination was made.
We hold that the evidence before the hearing officer was legally insufficient to sustain the Authority's decision to terminate Yarbrough's Section 8 voucher under the preponderance standard in the applicable regulation, 24 C.F.R. § 982.555(e)(6). Under Basco , we must vacate the summary judgment in favor of the Authority.
IV. CONCLUSION
We VACATE the summary judgment in favor of the Authority and REMAND for further proceedings.