[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11500
_____

D.C. Docket No. 5:15-cv-02325-AKK

SHEENA YARBROUGH,

Plaintiff - Appellant,

versus

DECATUR HOUSING AUTHORITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 2, 2019)

Before ED CARNES, Chief Judge, TJOFLAT, MARCUS, WILSON, WILLIAM
PRYOR, MARTIN, JORDAN, ROSENBAUM, JILL PRYOR, BRANCH, and
GRANT, Circuit Judges.[*]

MARTIN, Circuit Judge:

_____

[*] Judge Newsom, having recused himself, did not participate in this decision.

For years, this Court has allowed district courts to entertain 42 U.S.C. § 1983 suits alleging wrongful termination of housing benefits under the Housing Act of 1937, 42 U.S.C. § 1437 et seq., where the housing authority failed to prove its case for termination by a preponderance of the evidence. See Basco v. Machin, 514 F.3d 1177, 1183–84 (11th Cir. 2008). But today we recognize that neither Basco nor its progeny explained how a regulation establishing the preponderance of the evidence standard can give rise to a private cause of action under § 1983. With regard to agency regulations, the Supreme Court has been clear that although "[a]gencies may play the sorcerer's apprentice," they cannot usurp the role of "the sorcerer himself." Alexander v. Sandoval, 532 U.S. 275, 291, 121 S. Ct. 1511, 1522 (2001). By this opinion, our Court restores the apprentice to its rightful place.

Our Court granted rehearing en banc to consider whether Basco was correct in granting a private right of action under § 1983 to people contesting the termination of their housing benefits, with the requirement that the termination decision be based on a preponderance of the evidence. The regulation establishing the authorities' burden of proof in termination proceedings neither defines nor fleshes out a right established by the Housing Act. We thus conclude Basco was wrongly decided in this regard. As a result, we overrule Basco and its progeny inasmuch as those cases held that the Housing Act or its implementing regulations

2

create a right enforceable by § 1983 to a termination decision made by the preponderance of the evidence.

## I.

The Housing Act assists low-income families in getting a safe and affordable place to live.  See 42 U.S.C. § 1437(a).  To that end, one section of the Act provides relief through "what is known as the Section 8 housing program." Cisneros v. Alpine Ridge Grp., 508 U.S. 10, 12, 113 S. Ct. 1898, 1900 (1993).  The Section 8 program subsidizes private landlords who rent to low-income tenants by authorizing housing authorities to pay the difference between the tenant's contribution and the full cost of rent.  Id.

Sheena Yarbrough, the plaintiff in this case, was a beneficiary of the Section 8 housing program.  While she was living in Section 8 housing, during September of 2012, the police arrested Ms. Yarbrough on drug-related charges.  The Decatur Housing Authority (the "Authority") learned about her arrest from a newspaper and notified Ms. Yarbrough it intended to terminate her Section 8 housing benefits. Ms. Yarbrough requested and received an informal hearing, and a hearing officer upheld the Authority's decision to terminate her benefits.

Despite the decision in its favor, counsel advised the Authority to continue to subsidize Ms. Yarbrough's rent until her criminal charges were resolved. Roughly six months after her arrest, Ms. Yarbrough was indicted on two charges of

unlawful distribution of a controlled substance, in violation of Ala. Code § 13A-12-211. These charges remained outstanding a little less than two years when the State agreed to dismiss them "upon payment of court costs." But Ms. Yarbrough was not out of the woods yet.

Around the same time as the State's agreement, the Authority received a tip accusing Ms. Yarbrough of new violations of the Section 8 housing program. And on October 8, 2015, the Authority sent Ms. Yarbrough a new notice advising her of its intent to terminate her Section 8 housing benefits. This time, the Authority sought to terminate Ms. Yarbrough's benefits based on her indictments as well as her alleged failures to notify the Authority of a change in family composition, to report her household income, and to make required payments.

Ms. Yarbrough again requested a hearing, and one was held on November 10, 2015. The Authority was represented by a caseworker named Kenyetta Gray, who introduced copies of Ms. Yarbrough's indictments into evidence. Ms. Gray also testified about the Authority's communications with Ms. Yarbrough. The Hearing Officer reviewed the testimony and the record, then affirmed the Authority's decision to terminate Ms. Yarbrough's benefits. The Hearing Officer rejected three of the four grounds offered by the Authority in support of termination. However, the Officer found that Ms. Yarbrough's indictments and arrest were enough to prove by a preponderance of the evidence that she "violated

4

her agreement with the Authority and her lease by engaging in drug-related criminal activity."

Less than a month later, Ms. Yarbrough filed the 42 U.S.C. § 1983 suit that resulted in this appeal. She asked the U.S. District Court to restore her benefits and enjoin the Authority from evicting her. She alleged that the Authority's decision to terminate her benefits violated both federal regulations as well as her due process rights because the decision was based on legally insufficient evidence and unreliable hearsay. The District Court allowed discovery, and once that was done, the parties filed cross-motions for summary judgment. The Court granted the Authority's motion for summary judgment and denied Ms. Yarbrough's motion for the same. The District Court rejected Ms. Yarbrough's argument that the indictments were unreliable hearsay and found that they were "legally sufficient to establish by a preponderance of the evidence . . . that Yarbrough engaged in the alleged drug-related criminal activity."

Ms. Yarbrough timely appealed the District Court's decision to our Court. Relying on Basco, a panel of this Court agreed with Ms. Yarbrough and reversed the District Court's grant of summary judgment. The panel opinion held that as a matter of law, "[t]hree probable-cause determinations [supporting one arrest and two indictments] do not add up to a finding that a person more likely than not

5

committed a drug-related crime."[1]  Yarbrough v. Decatur Hous. Auth., 905 F.3d

1222, 1226 (11th Cir. 2018) (per curiam), reh'g en banc granted, op. vacated, 914

F.3d 1290 (11th Cir. 2019).

The Authority soon filed a petition for rehearing en banc urging our Court to

revisit Basco's holding.  A majority of the voting judges on this Court granted the

petition, and the panel opinion was vacated as a result.  See Yarbrough v. Decatur

Hous. Auth., 914 F.3d 1290 (11th Cir. 2019) (en banc).  The only question now

before this en banc Court is whether to overrule Basco's holding that there is an

individual right under the Housing Act and its implementing regulations,

enforceable through § 1983, to a decision based on a preponderance of the

evidence when a local housing authority terminates housing benefits.  Our survey

of the applicable law convinces us that we must.

## II.

We review de novo a District Court's grant of summary judgment.  See

Galvez v. Bruce, 552 F.3d 1238, 1241 (11th Cir. 2008).

## III.

Section 1983 "provides a cause of action to a plaintiff who can prove that a

defendant acting under color of state law deprived [her] of a right, privilege, or

---

[1] Because the panel concluded the evidence was legally insufficient, it did not reach Ms.
Yarbrough alternative argument that "the hearing officer's decision to credit unreliable hearsay
violated the Due Process Clause of the Fourteenth Amendment."  Yarbrough, 905 F.3d at 1225.

6

immunity protected by the laws or Constitution of the United States." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016).  Here we address the argument that the Housing Act and its implementing regulations create a privately enforceable right to a preponderance standard.  In doing so, we begin with the principle that congressional intent is the keystone of federal rights creation. Gonzaga Univ. v. Doe, 536 U.S. 273, 283–84, 122 S. Ct. 2268, 2275 (2002).  Under this principle, regulations can join with a statute to give rise to a private cause of action under § 1983 so long as the regulations "define the content of a[] specific right conferred upon the plaintiffs by Congress." Harris v. James, 127 F.3d 993, 1010 (11th Cir. 1997).  Thus, plaintiffs seeking to sue under § 1983 for violations of agency regulations must prove that the regulation in question "merely . . . fleshes out the content of" or further defines a right created by statute. Id. at 1009–10; see also Wright v. City of Roanoke Redev. & Hous. Auth., 479 U.S. 418, 430–31, 107 S. Ct. 766, 773–75 (1987) (concluding plaintiffs had an enforceable right "within the meaning of § 1983" because the Department of Housing and Urban Development's regulation interpreted the meaning of "rent" as it was set forth in the statute).  If the statute creates no federal rights or if the regulation is too far removed from a statute that does create federal rights, § 1983 does not provide a means of redress and the plaintiff's suit must fail.

With these principles in mind, we turn to Ms. Yarbrough's argument that the Housing Act and its implementing regulations create a privately enforceable right under § 1983 to a termination decision based on a preponderance of the evidence. No one disputes that the Housing Act is devoid of any references to a preponderance-of-the-evidence standard in termination proceedings. Ms. Yarbrough thus argues that the regulation establishing the preponderance standard, 24 C.F.R. § 982.555(e), merely fleshes out a federal right created by 42 U.S.C. § 1437d(k)(6). We are not persuaded.

Section 1437d(k) states that "the Secretary [of Housing and Urban Development] shall by regulation require each public housing agency receiving assistance . . . to establish and implement an administrative grievance procedure under which tenants will" be entitled to a number of procedural protections. One of these procedural protections is the right "to receive a written decision by the public housing agency on the proposed action." Id. § 1437d(k)(6). Ms. Yarbrough seizes upon this language to argue that 24 C.F.R. § 982.555(e)(6), which provides that "[f]actual determinations relating to the individual circumstances of the family shall be based on a preponderance of the evidence presented at the hearing," merely "clarifies what constitutes a proper written decision" under the statute. But this argument fails.

8

Even if we were to accept that § 1437d(k)(6) creates a federal right to a written decision in Section 8 termination proceedings, there is nothing in the statute for the preponderance standard to define.[2]  As the Authority rightly notes, the statute addresses the <u>means</u> by which a decision should be communicated.  It says nothing about the <u>substance</u> of the decision.  Thus the regulation, which speaks to substance, cannot "flesh out" a statutory provision that addresses only the form of a decision.

The regulatory requirement that "[f]actual determinations . . . be based on a preponderance of the evidence," 24 C.F.R. § 982.555(e)(6), plainly imposes a "distinct obligation[]," <u>Harris</u>, 127 F.3d at 1009, from that of 42 U.S.C. § 1437d(k)(6), which requires public housing agencies to issue a "written decision" regarding any proposed adverse action.  The rule in our Court says a regulation that "goes beyond explicating the specific content of the statutory provision" and speaks to an altogether different requirement cannot create a federal right cognizable through § 1983.  <u>Harris</u>, 127 F.3d at 1009.  Ms. Yarbrough's case was not a challenge to the Authority's failure to provide a written decision.  To the contrary, she sued because the hearing officer issued a written decision that she

---

[2] We therefore do not address the Authority's alternative argument that § 1437d(k)'s grievance procedures are limited to public housing recipients as opposed to Section 8 voucher recipients like Ms. Yarbrough.  For similar reasons, we decline to address the Authority's argument that § 1437d(k) does not create any privately enforceable federal rights.

says failed to meet the preponderance standard.  Thus, even accepting her allegation as true, the hearing officer violated the regulation but not the statute. Her case fails as a result.

Ms. Yarbrough nonetheless contends that because a written decision must necessarily be reasoned, the regulation clarifies the standard of proof for a "reasoned" decision.  Her argument is consistent with several district court decisions.  See, e.g., Stevenson v. Willis, 579 F. Supp. 2d 913, 922–23 (N.D. Ohio 2008); Gammons v. Mass. Dep't of Hous. & Cmty. Dev., 523 F. Supp. 2d 76, 84 (D. Mass. 2007) ("The HUD regulations clarify what constitutes a proper written decision by specifying that . . . factual determinations shall be based on a preponderance of the evidence presented at the hearing." (quotation marks and alterations omitted)).  But this theory relies on defining words Congress did not use.  Section 1437d(k) does not entitle tenants to a "properly" written decision or a "well-reasoned" decision or even a "reasoned" decision—it entitles them to a "written decision."  And the regulation's reference to a preponderance standard neither defines nor elaborates on the meaning of a "written" decision.  Because 24 C.F.R. § 982.555(e)(6) is unmoored from any federal right, we conclude it cannot be the basis for a cause of action under 42 U.S.C. § 1983.  We overrule Basco to the extent it held otherwise.

**IV.**

Ms. Yarbrough argues, in the alternative, that the Authority violated her procedural due process rights by relying on unreliable hearsay to terminate her housing benefits.  Given the narrow question presented for en banc review and the fact that the panel never had the opportunity to address this argument, we will leave this issue and any other procedural due process arguments for the panel to resolve.

**REMANDED TO THE PANEL WITH INSTRUCTIONS.**