[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11498
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 5, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:05-cv-00025-JEG

JAMIL AL-AMIN

                                                          Plaintiff - Appellant,

versus

WARDEN HUGH SMITH,
ADMIN. ASST. SANCHE M. MARTIN,

                                                          Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(April 5, 2011)

Before HULL and BLACK, Circuit Judges, and HOWARD,[*] District Judge.

HULL, Circuit Judge:

---

[*]Honorable Marcia Morales Howard, United States District Judge for the Middle District of Florida, sitting by designation.

Appellant Jamil Al-Amin ("Al-Amin" or "Plaintiff") appeals the district court's[1] grant of Appellees Hugh Smith and Sanche Martin's ("Defendants") motion in limine. The district court concluded that 42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act ("PLRA") precluded Al-Amin from offering evidence of either compensatory or punitive damages in his 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights by allowing his legal mail to be opened outside his presence. After review and oral argument, we affirm.

## I. FACTUAL BACKGROUND

This Court previously set forth the facts giving rise to Plaintiff Al-Amin's 42 U.S.C. § 1983 action in Al-Amin v. Smith, 511 F.3d 1317 (11th Cir. 2008). We incorporate those facts here and briefly summarize them below.

Plaintiff Al-Amin was incarcerated at Georgia State Prison ("GSP") from 2002 to 2007.[2] Id. at 1320. In 2002, Al-Amin's wife Karima Al-Amin ("Karima"), a licensed attorney, began sending him legal correspondence in envelopes marked "legal mail." In August 2003, Al-Amin filed a grievance

---

[1] The parties consented to transfer the case to a magistrate judge. For the sake of simplicity, we use the term "district court" throughout.

[2] Citing security concerns, the state transferred Al-Amin to a federal prison in August 2007, where he is serving a life sentence. Al-Amin, 511 F.3d at 1320 n.2.

alleging that this legal mail was being opened by prison officials outside of his presence, contravening a Georgia Department of Corrections policy. Id. at 1320-21. In November 2003, Raymond Head, manager of the Inmate Affairs Unit, issued a response directing the appropriate prison personnel "'to ensure this does not occur again in the future.'" Id. at 1321.

Defendant Smith, the warden of GSP, instructed Co-Defendant Martin, his assistant who supervised mailroom operations, to treat all mail from Karima as privileged legal mail and to open it only in Al-Amin's presence. Id. Martin provided similar instructions to mailroom staff. Id. at 1321-22. Nevertheless, Al-Amin alleges that, even after Head's grievance response, legal mail sent from his wife continued to be opened outside of his presence.

## II. PROCEDURAL HISTORY

On March 21, 2005, Al-Amin filed this § 1983 action, suing Smith and Martin in their individual capacities.[3] Al-Amin's complaint alleged that Defendants' actions in connection with the opening of his legal mail violated both prison protocol and the Constitution. Additionally, the complaint alleged that Al-

---

[3]Defendants were also sued in their official capacities, but a July 2005 district court order dismissed these claims as barred by the Eleventh Amendment. Al-Amin, 511 F.3d at 1322 n.10. We also note that Defendants' brief on appeal refers to Sanche Martin as "Sanche Jackson." As Defendants have not requested that the case caption be modified to reflect a name change, we refer to her as "Martin" throughout.

3

Amin was subjected to harassment and retaliation, including termination of visitation and phone privileges. Al-Amin attached to the complaint thirteen exhibits, which contained photocopies of envelopes sent between June 28, 2004 and February 8, 2005. Each envelope was marked "legal mail," with Karima's law office listed as the return address. The complaint sought various forms of relief, including: (1) a declaratory judgment that Defendants violated his constitutional rights; (2) a permanent injunction ordering Defendants to open all privileged mail in his presence; (3) a protective order mandating that Defendants refrain from retaliation and harassment; (4) nominal damages; (5) punitive damages; (6) attorney's fees; and (7) "such additional relief as this court may deem just and proper." Compl. at 6-7. Al-Amin sought no compensatory damages, nor did he explicitly allege any physical injury or a mental or emotional injury stemming from the alleged violations.

The parties filed cross motions for summary judgment. In August 2006, the district court denied Plaintiff Al-Amin's motion and denied in part Defendants' motion. The district court dismissed Al-Amin's retaliation claim without prejudice, concluding that he failed to exhaust his available administrative remedies. The district court also found that Defendants were not entitled to qualified immunity, since clearly established law held that prison officials could

4

not open an inmate's legal mail outside his presence. Lastly, the district court ruled that Defendants were not entitled to summary judgment with respect to Al-Amin's ability to recover punitive damages, stating that the Eleventh Circuit had not decided whether § 1997e(e) of the PLRA precluded a prisoner from seeking punitive damages without a prior showing of physical injury.

On appeal before a prior panel of this Court, we reversed the district court's denial of qualified immunity with respect to Al-Amin's access-to-courts claim but affirmed the district court's ruling of qualified immunity with respect to Al-Amin's free speech claim. Al-Amin, 511 F.3d at 1336. We concluded that Al-Amin had not shown "actual injury," a constitutional prerequisite to an access-to-courts claim. Id. at 1332-33. However, we reached a different result with respect to Al-Amin's First Amendment claim, since there is no similar "actual injury" requirement to state a free speech cause of action and "defendants had fair and clear notice that opening Al-Amin's attorney mail outside his presence was unlawful and violated the Constitution." Id. at 1335-36.[4]

After remand, Defendants filed a supplemental motion for summary judgment, arguing that they were entitled to summary judgment based on a theory

---

[4]In this first appeal, our interlocutory jurisdiction extended only to qualified immunity issues and we did not address punitive damages. Al-Amin, 511 F.3d at 1335 n.35.

of <u>respondeat superior</u> and qualified immunity. In October 2009, the district court denied the motion, whereupon Defendants filed this motion <u>in limine</u> to prevent Al-Amin from offering evidence of compensatory or punitive damages at trial.

In January 2010, the district court this time granted Defendants' motion <u>in limine</u>, precluding Al-Amin from recovering compensatory and punitive damages in this action. <u>Al-Amin v. Smith</u>, No. 6:05-cv-025, slip op. at 5 (S.D. Ga. Jan. 4, 2010). Pursuant to 28 U.S.C. § 1292(b), the district court granted Al-Amin's request to certify its punitive damage ruling for interlocutory appeal. <u>Id.</u> A panel of this Court granted Al-Amin's petition for permission to appeal.

### III. STANDARD OF REVIEW

This Court reviews the district court's grant of a motion <u>in limine</u> for abuse of discretion. <u>Mercado v. City of Orlando</u>, 407 F.3d 1152, 1156 (11th Cir. 2005). The interpretation of a federal statute is a question of law that we review <u>de novo</u>. <u>United States v. Murrell</u>, 368 F.3d 1283, 1285 (11th Cir. 2004).

### IV. DISCUSSION

This case concerns the narrow question of whether, in the absence of physical injury, a prisoner is precluded from seeking punitive damages by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996).

6

As this Court has stated previously, Congress enacted the PLRA "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002). To effectuate this purpose, Congress placed various restrictions on the ability of prisoners to seek judicial relief and the form such relief may take.

Included among these restrictions is 42 U.S.C. § 1997e(e), the statutory provision at issue here. Section 1997e(e) is entitled "Limitation on recovery" and provides in full: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Al-Amin's complaint does not allege a physical injury and this Court similarly concluded that Al-Amin had not shown an "actual injury" arising from the alleged violations. Al-Amin, 511 F.3d at 1333. Nevertheless, Al-Amin argues that, even given § 1997e(e)'s limitation, the mere absence of a physical injury resulting from the alleged First Amendment violations does not bar his punitive damage claim. Because we conclude this issue has already been resolved by this Court, we examine our relevant precedents.

## A.    Harris v. Garner

Our first published opinion to address the contours of 42 U.S.C. § 1997e(e) was Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999), reh'g en banc granted and opinion vacated, 197 F.3d 1059 (11th Cir. 1999), opinion reinstated in relevant part, 216 F.3d 970 (11th Cir. 2000).  In Harris, the plaintiffs alleged that employees at Georgia's Dooly State Prison facility deprived them of their Fourth, Eighth, and Fourteenth Amendment rights during a prison "shakedown."  190 F.3d at 1282.   Although the Harris Court addressed many questions pertaining to § 1997e(e), the portion relevant here examined the constitutionality of § 1997e(e).

One of the Harris plaintiffs, James Wade, argued that the PLRA's statutory bar (in the absence of physical injury) to his claims for compensatory and punitive damages operated as a denial of due process under the Fifth Amendment.  Id. at 1287.  In analyzing this question, the Harris Court first concluded that "the statute is best read as only a limitation on a damages remedy," id., and assumed that it "actually operates to preclude some claims of a constitutional dimension that a prisoner might have been able to bring before the PLRA was enacted."  Id. at 1287-88.  The Harris Court ultimately upheld the constitutionality of § 1997e(e) by concluding that "Congress has left open avenues of . . . relief that are ample for constitutional purposes."  Id. at 1289.  In reaching this conclusion, the Harris

Court discussed the various forms of relief that remained available to prisoner litigants after the passage of the PLRA.

First, the Harris Court noted that § 1997e(e) applied to claims for injuries "suffered." Id. at 1288. The Harris Court reasoned that Congress's usage of the past tense indicated that the statutory limitation on remedies "does not impair a prisoner's right to seek declaratory and injunctive relief for constitutional violations," since such equitable relief addresses future injuries that a prisoner has not yet "suffered." Id. Commenting that its decision was in accord with other circuits which addressed the question, the Harris Court held that "section 1997e(e) only precludes some actions for money damages, and does not materially thwart actions for declaratory and injunctive relief." Id. In the footnote immediately following this sentence, the Harris Court stated—perhaps to clarify its statement that § 1997e(e) "only precludes some actions for money damages," id.—that since the plaintiffs did not seek nominal damages, "We express no view on whether section 1997e(e) would bar an action for nominal damages that are normally available for the violation of certain 'absolute' constitutional rights, without any showing of actual injury." Id. at 1288 n.9.

The Harris Court made no similar reservations with respect to punitive damages, however, and affirmed the district court's dismissal of Wade's claims for

9

compensatory and punitive damages because he failed to meet § 1997e(e)'s physical injury requirement. Id. at 1286-87, 1290 ("We also AFFIRM the district court's dismissal of plaintiff Wade's claims for compensatory and punitive damages . . . ."). Nor did the Harris Court explicitly or impliedly limit its punitive damage holding to cases in which a prisoner pleads a "mental or emotional" injury.[5] Rather, the Harris Court focused only on the statute's physical injury requirement, and did not distinguish between cases in which a prisoner pleads a "mental or emotional injury" and those where a prisoner does not so plead.

The Harris Court underscored that "Congress has wide latitude to decide how violations of [federal] rights shall be remedied" and that, through the PLRA, "Congress has chosen to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief, and not through actions for damages." Id. at 1289. Later, the Harris Court reiterated that "[p]risoners still retain a reasonably adequate opportunity to seek relief from constitutional violations that do not involve physical injury, because they may still file suits for declaratory and

---

[5]As Defendants argue, a contrary holding would lead to illogical results. Prisoner plaintiffs could avoid the statutory bar of § 1997e(e) by artful pleading: a plaintiff who alleged an emotional injury from a First Amendment violation and sought only punitive damages would be precluded from any recovery, whereas another plaintiff suffering the same First Amendment violation could recover punitive damages so long as he pleaded no injury whatsoever. The words "mental" and "emotional" would thus achieve talismanic significance in prisoner pleadings.

10

injunctive relief.  They simply may not recover monetary damages for such claims."  Id. at 1290 (internal quotation marks omitted).

To support this conclusion, the Harris Court cited Davis v. District of Columbia, 158 F.3d 1342, 1346-47 (D.C. Cir. 1998) (upholding § 1997e(e) against constitutional challenge because "remaining remedies are ample" where prisoners subjected to constitutional violations may sue for injunctive and declaratory relief or may sue for damages with a qualifying physical injury) and Zehner v. Trigg, 133 F.3d 459, 462-63 (7th Cir. 1997) (stating that, although some prisoner plaintiffs may be without any relief, "the Constitution does not demand an individually effective remedy for every constitutional violation").  Harris, 190 F.3d at 1288-89.  Importantly, in Davis, as in Harris, the D.C. Circuit concluded that the plaintiff's punitive damage claim could not proceed in light of his failure to satisfy § 1997e(e)'s physical injury requirement.  In refusing to provide a carve-out for punitive damage claims, the D.C. Circuit stated, "much if not all of Congress's evident intent would be thwarted if prisoners could surmount § 1997e(e) simply by adding a claim for punitive damages and an assertion that the defendant acted maliciously."[6]  Davis, 158 F.3d at 1348.

---

[6]The Davis court also commented that "[t]he interpretive issue posed by § 1997e(e) is clearly harder [for nominal damages] than for punitive damages."  158 F.3d at 1349.

11

On rehearing en banc, this Court reinstated the portion of the Harris panel's opinion recited above. Harris, 216 F.3d at 972. In so doing, the en banc Court reiterated that constitutional claims are not treated as exceptional by the PLRA: "Section 1997e(e) unequivocally states that 'No Federal Civil Action may be brought …,' and 'no' means no. The clear and broad statutory language does not permit us to except any type of claims, including constitutional claims." Id. at 984-85 (internal citation omitted). The PLRA's preclusive effect thus applied equally to all constitutional claims, as the Court did not distinguish between constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations).

To summarize, the Harris Court dismissed plaintiff Wade's punitive damages claim because he did not satisfy § 1997e(e)'s physical injury requirement, though it left open the possibility that nominal damages might still be recoverable despite § 1997e(e)'s limitation on recovery. Sitting en banc, this Court left these portions of the Harris panel opinion undisturbed and clarified that the PLRA applied equally to constitutional claims. We conclude that Harris, standing alone, sufficiently forecloses the punitive damage relief sought by Al-

Amin, given that his constitutional claim does not meet § 1997e(e)'s physical

injury requirement.  We cite subsequent cases below that bolster our conclusion.

**B.**    **Smith v. Allen**

In Smith v. Allen, 502 F.3d 1255 (11th Cir. 2007), a prisoner filed a lawsuit

alleging that members of the Religious Activities Review Committee of the

Alabama Department of Corrections violated his rights under the Religious Land

Use and Institutionalized Persons Act ("RLUIPA"), the First Amendment, and the

Equal Protection Clause by disallowing his possession of certain religious items.

Id. at 1260-61.  In addressing what forms of recovery the PLRA precludes, the

Smith Court observed that "a prisoner plaintiff's right to monetary relief is

severely circumscribed by the terms of the Prisoner [sic] Litigation Reform Act."

Id. at 1271 (emphasis omitted).

As in Al-Amin's case, Smith alleged constitutional violations—including a

First Amendment violation—but no physical harm.  Id.  As in Al-Amin's case,

Smith sought punitive damages.  Id.  However, the Smith Court concluded that the

PLRA, along with our Circuit's precedents, prevented a prisoner plaintiff from

seeking punitive damages in the absence of a physical injury: "[Smith] seeks

nominal, compensatory, and punitive damages.  It is clear from our case law,

however, that the latter two types of damages are precluded under the PLRA,

13

Napier, 314 F.3d at 532, but that nominal damages may still be recoverable. Hughes, 350 F.3d at 1162." Smith, 502 F.3d at 1271. Accordingly, the Smith Court stated, "it is clear that Smith's monetary award, if any, will be limited to a grant of nominal damages, in light of the limiting language of § 1997[e](e)." Id.

Al-Amin attempts to sidestep the clear import of this language by arguing that (1) the Smith's Court citation to Napier is inapposite because Napier never addressed punitive damages, and (2) this passage is dicta because the Smith Court ultimately concluded that Smith failed to establish a prima facie RLUIPA violation.

We are unpersuaded by Al-Amin's argument that Napier had nothing to do with punitive damages. While it is true that the Napier Court did not specifically discuss punitive damages, it is evident that Napier followed Harris's conclusion that punitive damages cannot be recovered for claims—constitutional or otherwise—that do not meet § 1997e(e)'s physical injury requirement.

First, on the same page of the Napier opinion cited by the Smith Court, the Napier Court cited Harris's statement that the PLRA encompasses all federal claims, including constitutional claims. Napier, 314 F.3d at 532 (citing Harris, 216 F.3d at 984-85).

14

Second, the Napier Court ultimately held that "[t]he PLRA forbids the litigation of this lawsuit while Napier is imprisoned, as he complains of injury occurring while he was in custody, and he did not allege physical injury arising from the actions of the defendant officers." Id. at 534. The district court had ruled, inter alia, that Napier's "claim for punitive damages is barred as well since 1997e(e) draws no distinction between monetary damages for punishment and damages for compensation of the victim."[7] Napier v. Preslicka, No. 3:00-cv-156, slip op. at 5 (M.D. Fla. May 12, 2000). The Napier Court then affirmed the district court's dismissal of Napier's entire claim. 314 F.3d at 534. Therefore, the Napier Court concluded, albeit sub silentio, that Napier's punitive claim was barred by § 1997e(e) just as much as his compensatory claim.

The Smith Court did not purport to be announcing its own interpretation of the PLRA. Rather, it believed it was simply following what had already been decided by this Circuit in Harris and Napier; namely, that punitive damages are precluded under the PLRA in the absence of physical injury. We agree with Smith's assessment.

## C.    Summary of Our Precedents

---

[7]The plaintiff in Napier sought in his complaint to recover $100,000 in punitive damages.

In sum, our published precedents have affirmed district court dismissals of punitive damage claims under the PLRA because the plaintiffs failed to meet § 1997e(e)'s physical injury requirement. See Harris, 190 F.3d at 1290; Napier, 314 F.3d at 534.[8] Moreover, at least one published opinion has affirmatively stated that, according to the law of our Circuit, the PLRA precludes the recovery of punitive damages in the absence of physical injury.[9] See Smith, 502 F.3d at 1271. Importantly too, the overall tenor of Harris and its progeny, when taken together, unmistakably supports this result.

## V. CONCLUSION

---

[8]Given our Circuit's prior panel precedent rule, we follow these cases. See United States v. Smith, 122 F.3d 1355, 1359 (11th Cir. 1997) ("Under the prior panel precedent rule, we are bound by earlier panel holdings . . . unless and until they are overruled en banc or by the Supreme Court.").

[9]A circuit split exists as to the availability of punitive damages under the PLRA. Some courts have endorsed the view that § 1997e(e) does not apply to certain constitutional claims at all. See, e.g., Rowe v. Shake, 196 F.3d 778, 781-82 (7th Cir. 1999); Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998). This stands in direct opposition to our en banc opinion in Harris. See Harris, 216 F.3d at 984-85 ("Section 1997e(e) unequivocally states that 'No Federal Civil Action may be brought …,' and 'no' means no. The clear and broad statutory language does not permit us to except any type of claims, including constitutional claims." (internal citation omitted)).

Other courts have held that, while § 1997e(e) applies to constitutional claims, it bars only compensatory damages in the absence of physical injury and does not apply to punitive damages for constitutional claims. See, e.g., Hutchins v. McDaniels, 512 F.3d 193, 197-98 (5th Cir. 2007); Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004); Thompson v. Carter, 284 F.3d 411, 418 (2d Cir. 2002). Meanwhile, the D.C. Circuit has concluded, in accord with our Circuit, that § 1997e(e) draws no such distinction between compensatory and punitive damages. See Davis, 158 F.3d at 1348.

For the foregoing reasons, we affirm the district court's grant of

Defendants' motion <u>in limine</u> precluding Plaintiff Al-Amin from offering evidence

to support an award of punitive damages.[10]

**AFFIRMED.**

---

[10]Since we find that § 1997e(e) prevents Al-Amin, in the absence of physical injury, from offering evidence supporting an award of punitive damages in this action, we need not consider the validity or timeliness of Defendants' alternative argument that 18 U.S.C. § 1326 prohibits punitive damage recovery as well. We also stress that this opinion does not address Al-Amin's ability to recover nominal damages, as this issue is not presently before us.