[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10930

Non-Argument Calendar

_____

COREY ALLAN DONALDSON,

Plaintiff-Appellant,

*versus*

GEO GROUP, INC., et al.,

Defendants,

TONY NORMAND,
Federal Agent (F.B.O.P),

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 5:18-cv-00007-LGW-BWC

_____

Before ROSENBAUM, GRANT and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Corey Donaldson, proceeding *pro se*, appeals the district court's order dismissing his *Bivens*[1] complaint without prejudice for failure to properly exhaust administrative remedies as required under the Prison Litigation Reform Act ("PLRA") of 1995, 42 U.S.C. § 1997e. He argues on appeal that the district court misapplied our court's mandate when we remanded his case due to a change in this court's PLRA precedent. He also argues that Appellee/Defendant, Tony Normand, untimely filed an administrative exhaustion remedy and improperly raised it in his motion for summary judgment. Donaldson lastly contends that Normand failed to properly deny any of the allegations contained in his complaint, thus admitting those allegations. Having read the parties' briefs and reviewed the record, we affirm the district court's order dismissing Donaldson's *Bivens* complaint without prejudice for failure

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971).

to properly exhaust administrative remedies as required under the PLRA.

## I.

We generally review rulings on cross-motions for summary judgment *de novo*, viewing the facts in the light most favorable to the nonmoving party as to each motion. *Signor v. Safeco Ins. Co. of Illinois*, 72 F.4th 1223, 1227 (11th Cir. 2023). Likewise, we generally review an order dismissing a complaint *de novo*. *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 633 (11th Cir. 2010). A denial of a motion to dismiss without prejudice is not an adjudication on the merits, and it does not, on its own, prevent the party from later asserting the same claim. *See Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003). However, where a district court dismisses a complaint for failure to exhaust administrative remedies, we review for clear error the district court's factual findings. *See Bryant v. Rich*, 530 F.3d 1368, 1377 (11th Cir. 2008). A defendant bears the burden of proving that the plaintiff failed to exhaust his administrative remedies. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

Exhaustion of administrative remedies is a matter in abatement that generally does not address the merits of the case. *Bryant*, 530 F.3d at 1374. Thus, an exhaustion defense "should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment," because such a defense "is not ordinarily the proper subject for a summary judgment." *Id.* at 1374-75 (quotation marks omitted). Thus, we treat exhaustion defenses as an unenumerated defense under Rule 12(b). *Id.* at 1375. When considering

such a motion, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id*. at 1376 (footnote omitted).

Issues not raised in an appellant's initial brief are deemed abandoned and will not be addressed absent extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 871-72 (11th Cir. 2022) (*en banc*), *cert. denied*, ___ U.S. ___, 143 S. Ct. 95 (2022). While we construe *pro se* briefs liberally, an issue not briefed on appeal by a *pro se* litigant is deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). "We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

"An appellate decision binds all subsequent proceedings in the same case," including both explicit rulings and issues "decided by implication on the prior appeal." *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996). When a district court is acting under a mandate from our court, it cannot vary, alter, or otherwise examine the mandate for any purpose other than execution. *Id*. Moreover, a district court is required to follow our mandate on remand, and it cannot decide or assert jurisdiction over issues outside the scope of a limited mandate. *Id*. We review *de novo* a district court's compliance with our mandate in a previous appeal. *United States v. Crape*, 603 F.3d 1237, 1241 (11th Cir. 2010).

## II.

Under Rule 12(a)(4), a party has 14 days to file a responsive pleading following the court's denial of a motion. Fed. R. Civ. P. 12(a)(4). Rule 55(a) requires an entry of default against a party who fails to timely file a responsive pleading. Fed. R. Civ. P. 55(a). However, the district court is permitted to "set aside an entry of default for good cause." *Id.* at 55(c). In this context, "[g]ood cause is a mutable standard," and it "is also a liberal one—but not so elastic as to be devoid of substance." *Compania Interamericana Exp.- Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (quotation marks omitted). Moreover, default judgment is a drastic remedy, and it is preferred that courts resolve cases on the merits. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

A responsive pleading must "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). An answer to a complaint is a responsive pleading under this rule. Fed. R. Civ. P. 12(a)(1)(A). A motion to dismiss is generally not considered a responsive pleading under the Federal Rules of Civil Procedure. *See Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007) ("For purposes of [Rule 15(a)], a motion to dismiss is not a responsive pleading").

## III.

The record demonstrates that Donaldson has abandoned on appeal the issue of whether the district court erred in dismissing his amended complaint for failure to exhaust administrative remedies. Even under liberal construction, his appellate brief does not

"plainly and prominently" address or contest the district court's findings related to Normand's exhaustion argument. Thus, Donaldson has failed to adequately raise this issue in his brief, and he has thus abandoned it on appeal.

Donaldson's other arguments on appeal, which essentially contest the district court's authority to consider Normand's motion to dismiss, do not save his appeal. First, at the time Donaldson filed his amended complaint, we had ruled that the PLRA barred a prisoner who suffered no physical injury from recovering punitive damages in an action pursuant to the PLRA. *See Al-Amin v.* Smith, 637 F.3d 1192, 1199 (11th Cir. 2011), *overruled by Hoever v. Marks*, 993 F.3d 1353, 1362 (11th Cir. 2021) (en banc). The district court initially dismissed Donaldson's claim under that authority. While Donaldson's appeal of the district court's initial dismissal was pending, we overruled *Al-Amin* and held that the PLRA does not bar punitive damages in the absence of physical injury. *Hoever*, 993 F.3d at 1362. Thus, we vacated the district court's initial order of dismissal and remanded the case for further consideration in light of our holding in *Hoever*.

That limited mandate required the district court to reconsider its initial order of dismissal that was based on an invalid holding. The mandate did not require that the district court enter judgment in favor of Donaldson, and it did not imply any other result. The mandate allowed the district court to entertain dispositive motions and order discovery. After three months of discovery, the parties filed motions for summary judgment, which the district

court considered, and then the district court determined that Donaldson violated the PLRA by failing to exhaust his administrative remedies. Based on the record, we conclude that the district court complied with our mandate.

Second, the district court did not err in determining that Normand's administrative exhaustion complaint was timely and properly before it because it reasonably found that there was good cause for any delay in its filing. The record indicates that Normand's first motion to dismiss asserted two grounds for relief: failure to exhaust and improper venue. This order of dismissal was not immediately appealable. *See Hughes v. Lott*, 350 F.3d at 1161. Although Donaldson claims that Normand's second motion to dismiss was untimely, he is incorrect. The magistrate judge found good cause to excuse Normand's delay in filing the second motion to dismiss because another federal district court denied the first motion without prejudice, the transfer of the case to a new district court in a different state caused delay and necessitated that a new lawyer represent Normand, the delay was short, and Donaldson did not move for a default judgment. Donaldson does not refute any aspect of this finding, and the record does not either.

Third, the record supports the district court's finding, contrary to Donaldson's assertion, that Normand filed an answer that properly denied many of the allegations contained in Donaldson's amended complaint. Donaldson contends that Normand failed to deny any allegations in his first motion to dismiss. However, that is not the proper filing; a party must admit or deny the opposing

party's allegations in a responsive pleading.  *See* Fed. R. Civ. P. 8(b). Normand did so in his answer, and we conclude that is sufficient.

Accordingly, based on the aforementioned reasons, we affirm the district court's order dismissing Donaldson's amended complaint without prejudice.

**AFFIRMED.**