[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10792

_____

D.C. Docket No. 4:13-cv-00549-MW-GRJ

CONRAAD L. HOEVER,

Plaintiff – Appellee-Cross Appellant,

versus

R. MARKS, Correctional Officer, et al.,

Defendants – Appellants-Cross Appellees.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(April 9, 2021)

Before WILLIAM PRYOR, Chief Judge, WILSON, MARTIN, JORDAN, ROSENBAUM, JILL PRYOR, NEWSOM, BRANCH, GRANT, LUCK, LAGOA, BRASHER, and BLACK, Circuit Judges.[*]

---

[*] Judge Susan Black was a member of the en banc Court, having elected to participate in this decision pursuant to 28 U.S.C. § 46(c)(1).

WILLIAM PRYOR, Chief Judge, and MARTIN, Circuit Judge, delivered the opinion of the Court, in which WILSON, JORDAN, ROSENBAUM, JILL PRYOR, GRANT, LAGOA, BRASHER, and BLACK, Circuit Judges, joined.

NEWSOM, Circuit Judge, filed a separate opinion concurring in the judgment in part and dissenting in part, in which BRANCH, Circuit Judge, joined, and LUCK, Circuit Judge, joined in Parts I and III.

WILLIAM PRYOR, Chief Judge, and MARTIN, Circuit Judge:

In 2013, Conraad Hoever was incarcerated at the Franklin Correctional Institution (FCI) in Carrabelle, Florida. According to Mr. Hoever's complaint, correctional officers there subjected him to harassment and threats of physical violence in retaliation for his filing grievances about his mistreatment. Proceeding on his own (without counsel), Mr. Hoever successfully defended against the officers' attempts to dismiss his case, and he was ultimately able to present his claim of First Amendment retaliation to a jury. After a three-day trial, during which the jury heard testimony from Mr. Hoever, the defendant officers, and witnesses who corroborated the threats, the jury returned a verdict in Mr. Hoever's favor. But vindication of Mr. Hoever's constitutional rights was limited. That is because this circuit has interpreted the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e), as barring punitive damages for a prisoner's civil action where no physical injury is shown. The jury, therefore, awarded Mr. Hoever only one dollar in nominal damages.

2

Our circuit stands alone in enforcing § 1997e(e) as a complete bar to punitive damages, no matter the substantive claim, in the absence of physical injury. Because our interpretation runs counter to the text of the statute, today we correct our course. We now recognize that § 1997e(e) permits claims for punitive damages without a showing of physical injury.

## I.

The facts and procedural history of Mr. Hoever's case have been thoroughly recounted in this lengthy litigation. See Hoever v. Carraway, 815 F. App'x 465, 465–68 (11th Cir. 2020) (per curiam) (unpublished), vacated, reh'g en banc granted, 977 F.3d 1203 (11th Cir. 2020) (mem.). We summarize them only briefly here.

In 2013, Mr. Hoever, proceeding pro se, filed a 42 U.S.C. § 1983 action against, among others, Robert Marks and Caleb Paul, two correctional officers with the Florida Department of Corrections (FDC). In his second amended complaint, the operative pleading, Mr. Hoever alleged violations of his First Amendment rights and Fourteenth Amendment due process rights. Mr. Hoever sought declaratory and injunctive relief, and nominal, compensatory, and punitive damages.

The District Court dismissed Mr. Hoever's due process claim, claims for compensatory and punitive damages and for declaratory and injunctive relief, as

well as all claims against the defendants in their official capacities.  Mr. Hoever's claims for punitive and compensatory damages were dismissed because this circuit interpreted § 1997e(e) to require a showing of physical injury, and Hoever had not adequately alleged any physical injury in connection with his First Amendment claims.  Therefore, only Mr. Hoever's claim for nominal damages for First Amendment violations remained for trial.

Over the course of the three-day trial, the jury heard testimony that correctional officers threatened Mr. Hoever on several occasions because he filed grievances against certain officers for mistreatment.  Those threats included statements by a correctional officer that, "If you keep on writing grievances, I promise you the next 11 years is [sic] going to be a heartache for you.  You need to stop writing grievances right now or we'll make sure that you stop. . . . If you write another grievance, . . . I'll take you right now to confinement. . . . I'll let you go only if you promise never to write a grievance again."  The jury also heard testimony about other occasions in which an officer threatened, "We've been killing inmates here for a long time and nobody can do a damn thing to us," and a threat to "take [Hoever] to confinement and starve [him] to death" if he filed additional grievances.  Witnesses testified to hearing these threats.  After deliberation, the jury returned a verdict in favor of Mr. Hoever, finding that his First Amendment rights were violated seven times.  It awarded Mr. Hoever a dollar

4

in nominal damages.  Defendants appealed the judgment.  Mr. Hoever cross-appealed, challenging, as relevant here, the dismissal of his punitive damages claim.

The panel for Mr. Hoever's case followed this circuit's precedent and ruled that the PLRA bars punitive damages claims absent a showing of physical injury. Hoever, 815 F. App'x at 469 & n.5 (citing Al-Amin v. Smith, 637 F.3d 1192, 1196 (11th Cir. 2011), and Harris v. Garner (Harris II), 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)).

Our Court granted rehearing en banc to reconsider the question of whether § 1997e(e) bars punitive damages absent a showing of physical injury.  The government now concedes that nothing in § 1997e(e) limits the availability of punitive damages "for any kind of violation, constitutional or statutory, absent a showing of physical injury."

For the reasons below, we reverse the District Court's dismissal of Mr. Hoever's First Amendment punitive damages claim and remand for further proceedings.

**II.**

This Court reviews <u>de novo</u> a district court's order granting a motion to dismiss for failure to state a claim.  <u>Boyle v. City of Pell City</u>, 866 F.3d 1280, 1286 (11th Cir. 2017).  The interpretation of a federal statute is a question of law that we review <u>de novo</u>.  <u>United States v. Murrell</u>, 368 F.3d 1283, 1285 (11th Cir. 2004).

**III.**

We begin by discussing why § 1997e(e) permits punitive damages absent a showing of physical injury, and then turn to address the precedent we now overrule in this regard.

A. <u>The Text of the PLRA Permits Punitive Damages Absent a
   Showing of Physical Injury</u>

As its title makes clear, § 1997e(e) imposes a "[l]imitation on recovery" in federal civil actions brought by prisoners.  42 U.S.C. § 1997e(e).  The provision states:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

<u>Id.</u>

The phrase "[f]ederal civil action" establishes the parameters of this provision.  An "action" is a "proceeding in a court of justice by which one party

6

prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." Action, Black's Law Dictionary (6th ed. 1990); accord Suit, Garner's Dictionary of Legal Usage (3d ed. 2011). The statute addresses only "civil action[s]," or actions that "lie [o]n behalf of persons to enforce their rights or obtain redress of wrongs in their relation to individuals." Action, Black's Law Dictionary. And it addresses not just any civil actions, but only those actions in which plaintiffs seek to obtain redress of a wrong.

We know that § 1997e(e) applies to only actions for redress because an "action . . . brought . . . for . . . injury suffered" is a proceeding initiated with the purpose of obtaining redress of a wrong—that is, a claim for damages. See Carter v. Allen, 940 F.3d 1233, 1234 (11th Cir. 2019) (William Pryor, J., respecting the denial of rehearing en banc) (mem.). "[F]or" indicates purpose or aim. See For, Webster's New College Dictionary (3d ed. 2008); see also For, Webster's New International Dictionary (3d ed. 1993) ("[W]ith the purpose or object of."); For, Webster's New International Dictionary (2d ed. 1959) (same); For, Oxford English Dictionary (online ed.) (last visited Apr. 9, 2021) (similar). An "injury" is "any harm, damage, wrong, or injustice." Injury, Garner's Dictionary of Legal Usage. The use of the past tense of the verb suffer "indicates that the provision constitutes a limitation on a damages remedy only." Harris v. Garner ("Harris I"), 190 F.3d

7

1279, 1288 (11th Cir. 1999), vacated, reh'g en banc granted, 197 F.3d 1059 (11th Cir. 1999) (mem.), opinion reinstated in relevant part, 216 F.3d 970, 972 (11th Cir. 2000) (en banc).

Our understanding of the word "for," of course, depends on its context. Antonin Scalia & Bryan A. Garner, Reading Law: An Interpretation of Legal Texts § 24, at 167 (2012) ("Context is a primary determinant of meaning."). By interpreting the word "for" in § 1997e(e) to connote purpose we do not mean that a plaintiff's injury is itself the object of a suit. Cf. Dissenting Op. 28. The subject before the word "for" informs the preposition's meaning. As explained, a civil action is brought to accomplish certain things, such as redress past injuries. And whatever object follows the word "for"—here, a past injury—informs what the "action" is brought to accomplish. As even our dissenting colleagues acknowledge, an "action . . . brought . . . for . . . injury suffered" is an action brought to redress that injury. Id. at 30–31. So this language addresses an otherwise available remedy in civil actions. And we would read similar statutes with similar language the same way. See, e.g., 16 U.S.C. § 1383a(e)(7)(A) ("action . . . for that illness, disability, injury, or death"). Contrast the language in § 1997e(e) with statutes where "for" is followed by a cause of action—thereby barring the entire suit, see 18 U.S.C. § 1030(g) ("action . . . for the negligent design or manufacture" of certain products), or where the language bars specific remedies

8

for certain kinds of conduct, see 42 U.S.C. § 1983 (limiting injunctive relief in certain "action[s] . . . for an act or omission"), or with statutes that do not create limitations on recovery, but instead serve different functions altogether, see 16 U.S.C. § 831c-2(a)(1) (making certain federal remedies exclusive); 46 U.S.C. § 30101(c)(1) (same); 50 U.S.C. § 2783(b) (making certain federal remedies applicable and exclusive); 46 U.S.C. § 30508(b)(2) (regulating contractual restrictions on time limits for certain actions).

Section 1997e(e) addresses limitations on a prisoner's ability to recover compensatory damages because compensatory damages are the only form of relief that redresses past mental or emotional injury. See State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416, 123 S. Ct. 1513, 1519 (2003) ("Compensatory damages are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct." (quotation marks omitted)); Akouri v. Fla. Dep't of Transp., 408 F.3d 1338, 1345 (11th Cir. 2005) (explaining that emotional distress can be remedied with compensatory damages). And it applies regardless of the cause of action, or alleged misconduct, or source of law. Section 1997e(e) does not prohibit all requests for damages, only those brought "for mental or emotional injury . . . without a prior showing of physical injury."

Consider too the whole phrase "brought by a prisoner . . . for mental or emotional injury." The full prepositional phrase—"for mental or emotional injury

9

suffered while in custody"—modifies the verb "brought." And "brought," of course, refers to "the initiation of legal proceedings in a suit." Harris II, 216 F.3d at 973 (quoting Bring, Black's Law Dictionary 192 (6th ed. 1990)). Accounting for the full phrase, as we must when interpreting the text of the provision as a whole,[1] the limitation on damages applies to federal civil actions brought "for," or with the purpose of compensating, mental or emotional injury when no physical injury is alleged. That is, the text of § 1997e(e) bars only requests for compensatory damages stemming from purely mental or emotional harms.

Understood properly, then, § 1997e(e) does not bar punitive damages in the absence of physical injury.[2] Punitive damages do not compensate plaintiffs for

---

[1] See Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 615, 99 S. Ct. 1905, 1915 (1979) (emphasizing that courts must "give meaning to the entire statute as written by Congress"); cf. United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241, 109 S. Ct. 1026, 1030 (1989) (noting a statute's meaning is "mandated" by its "grammatical structure"); see also Scalia & Garner, Reading Law § 24, at 167–69 ("[T]he judicial interpreter [must] consider the entire text, in view of its structure and of the physical and logical relation of its many parts.").

[2] Other circuits have held that § 1997e(e) does not limit judicial relief for a violation of a First Amendment right, even in the absence of physical injury, explaining that such a violation is not a mental or emotional injury. See Wilcox v. Brown, 877 F.3d 161, 169–70 (4th Cir. 2017) (agreeing that "deprivations of First Amendment rights entitle a plaintiff to judicial relief wholly aside from any physical, mental, or emotional injury" (quotation marks omitted)); Aref v. Lynch, 833 F.3d 242, 265 (D.C. Cir. 2016) ("It is especially difficult to see how violations of inmates' First Amendment rights could ever be vindicated, given the unlikelihood of physical harm in that context."); King v. Zamiara, 788 F.3d 207, 213 (6th Cir. 2015) ("[T]he plain language of the statute does not bar claims for constitutional injury that do not also involve physical injury."); Rowe v. Shake, 196 F.3d 778, 781–82 (7th Cir. 1999) ("A prisoner is entitled to judicial relief for a violation of his First Amendment rights aside from any physical, mental, or emotional injury he may have sustained."); Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998) ("[Plaintiff] is not asserting a claim for 'mental or emotional injury.' He is asserting a claim for a violation of his First Amendment rights." (quoting 42 U.S.C. § 1997e(e))). Our interpretation

10

injuries suffered.  See Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 306 & n.9, 106 S. Ct. 2537, 2542 & n.9 (1986).  Rather, their purpose "is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior."  Id. at 306 n.9, 106 S. Ct. at 2542 n.9 (citing, inter alia, Restatement (Second) of Torts § 908(1) (Am. L. Inst. 1979)); see also Exxon Shipping Co. v. Baker, 554 U.S. 471, 492, 128 S. Ct. 2605, 2621 (2008) ("[P]unitives are aimed not at compensation but principally at retribution and deterring harmful conduct.").

Unlike compensatory damages, punitive damages are not "intended to make the plaintiff whole again."  Compensable, Garner's Dictionary of Legal Usage.  Consider that, if both kinds of damages are awarded, punitive damages provide relief "over and above" the award of compensatory damages that itself remedies a plaintiff's injury.  Smith v. Wade, 461 U.S. 30, 54, 103 S. Ct. 1625, 1639  (1983); see State Farm, 538 U.S. at 419, 123 S. Ct. at 1516 ("It should be presumed a plaintiff has been made whole for his injuries by compensatory damages, so punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the

_____

of § 1997e(e) comports with those persuasive authorities that recognize that various types of non-physical compensable injuries may flow from a constitutional violation, and the provision bars recovery only for a mental or emotional injury absent physical injury.  See, e.g., Aref, 833 F.3d at 264–65 ("[T]he focus remains on the type of injury alleged . . . there exists a universe of injuries that are neither mental or emotional and for which plaintiffs can recover compensatory damages under [§ 1997e(e)].").

11

imposition of further sanctions to achieve punishment or deterrence."). Indeed, punitive damages may be "awarded where there is substantial harm and where there is none." Restatement (First) of Torts § 908 cmt. c (Am. L. Inst. 1939); see also Smith, 461 U.S. at 54–55, 103 S. Ct. at 1639 ("[S]ociety has an interest in deterring and punishing all intentional or reckless invasions of the rights of others, even though it sometimes chooses not to impose any liability for lesser degrees of fault.").

The "focus [of punitive damages] is on the character of the tortfeasor's conduct," Smith, 461 U.S. at 54, 103 S. Ct. at 1639, not on any compensable injury that may flow from that conduct. Meanwhile, compensatory damages, even if they deter illegal conduct as a byproduct, Imbler v. Pachtman, 424 U.S. 409, 442, 96 S. Ct. 984, 1000 (1976) (White, J., concurring in judgment), are "grounded in determinations of plaintiffs' actual losses," Stachura, 477 U.S. at 307, 106 S. Ct. at 2543. In other words, except for the comparative purposes of ensuring that they are proportional and not unconstitutionally excessive, BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 580, 116 S. Ct. 1589, 1601 (1996), punitive damages, when awarded, "stand on an entirely different footing from the compensatory damages," 1 Dan B. Dobbs, Law of Remedies § 3.11(13), at 529 (2d ed. 1993). Therefore, punitive damages are not awarded to a plaintiff "for" compensation of his mental or emotional injury; they are imposed on a defendant "for" deterrence and

12

punishment of his egregious misconduct.  See Calhoun v. DeTella, 319 F.3d 936, 942 (7th Cir. 2003).

The dissent acknowledges that compensatory damages serve to "remediate the harm that [a prisoner] 'suffered'" but insists that punitive damages also "address an injury 'suffered.'"  Dissenting Op. 32–33 (emphasis added).  It supports this assertion by ignoring that punitive damages punish defendants for their misconduct—regardless of whether it caused compensable injuries, see id. at 32 ("[P]unitive damages . . . punish those who caused past injuries.") (internal quotation marks omitted) (alteration adopted), and by pointing to a dissenting opinion construing different language—"on account of"—in a tax law regarding the causal relationship between an injury and an award of punitive damages, see id. at 33 (quoting O'Gilvie v. United States, 519 U.S. 79, 94, 117 S. Ct. 452, 460 (1996) (Scalia, J., dissenting) ("[A] personal injury is as proximate a cause of the punitive damages as it is of the compensatory damages[.]")).  But whether punitive damages are the remedy sought in an action brought "for" an injury is a different question than whether punitive damages were received "on account of" an injury.  And to the extent the dissent is right that O'Gilvie is relevant to the different question we face here, the Supreme Court held that punitive damages are not "received 'on account of' personal injuries."  O'Gilvie, 519 U.S. at 81, 117 S. Ct.

at 454; cf. Comm'r of Internal Revenue v. Schleier, 515 U.S. 323, 331–32, 336–37, 115 S. Ct. 2159, 2165, 2167 (1995).

The title Congress gave § 1997e(e), "[l]imitation on [r]ecovery," strongly supports our reading. Pub. L. No. 104-134, § 803, 110 Stat. 1321, 1321-72 (1996); see Scalia & Garner, Reading Law § 35, at 221 ("The title and headings are permissible indicators of meaning."). The physical injury requirement is not a bar to filing suit, only a limitation on recovery. And § 1997e(e) limits a prisoner only from recovering damages that redress, or compensate him for, a mental or emotional injury, when no physical injury is shown. The ordinary meaning of "recover" is "[t]o get or obtain again." Recover, Webster's New International Dictionary (2d ed. 1959) (emphasis added); accord Recover, Webster's New International Dictionary (3d ed. 1993); Recover, Black's Law Dictionary; see also Recovery, Black's Law Dictionary ("[T]he obtaining, by [formal] judgment, of some right . . . which has been taken or withheld[.]"). Compensatory damages restore a plaintiff to his pre-injury position. See Recover, Webster's New International Dictionary (2d ed. 1959) ("[T]o regain . . . health."). Punitive damages do not. A plaintiff cannot "win back" or "regain" what he never had. Id. Even if courts and statutes are sometimes imprecise in referring to the "recovery," instead of the awarding, of punitive damages, see Dissenting Op. 34–35, it is clear that "recovery," in this context, refers to compensation because § 1997e(e)

14

concerns an "injury suffered." Recovery for an injury is compensation for an injury—that is, damages that make a plaintiff whole again. See Recoverable, Garner's Dictionary of Legal Usage ("compensable").

It is difficult to see how the dissent's interpretation of § 1997e(e), taken to its logical conclusion, is not a bar to filing suit instead of a limitation on recovery or any form of relief. See Dissenting Op. 28–29, 47. Would an action where a plaintiff alleges a past injury and seeks an injunction to prevent that injury from recurring or nominal damages not also "concern[]" a "mental or emotional injury suffered"? Id. at 28 (quotation marks omitted). The dissent does not explain why an action alleging any past mental or emotional injury, without an accompanying physical injury, is not barred completely under its reading.

The dissent resists the implications of its interpretation by conceding that § 1997e(e) bars only a "request for damages" because only damages, as opposed to prospective injunctive relief, "can remedy an 'injury' that an inmate has already 'suffered.'" Id. at 30–31. But that assessment comports with our reading, not the dissent's. A "civil action . . . brought . . . for mental or emotional injury suffered" is an action brought for the purpose of remedying that injury, not an action that merely "concern[s]" the injury. Cf. id. at 28. And the dissent fails to see that just as nominal damages or injunctions do not remedy an actual, compensable injury, punitive damages do not do so either.

15

Precedent about nominal damages supports our reasoning too. Due to "the importance to organized society that those rights be scrupulously observed," the Supreme Court has held that the violation of certain constitutional rights is "actionable for nominal damages without proof of actual injury." Carey v. Piphus, 435 U.S. 247, 266, 98 S. Ct. 1042, 1054 (1978). Following Carey and our own Court's precedent holding that nominal damages are available in § 1983 actions,[3] the rule in this circuit is that § 1997e(e) does not bar prisoners from seeking nominal damages because a "nominal damages claim is not brought for mental or emotional injury." Brooks v. Warden, 800 F.3d 1295, 1308 (11th Cir. 2015) (emphasis added) (quotation marks omitted). Rather, "it is designed to vindicate the deprivation of [a plaintiff's] constitutional rights." Id.; see also Uzuegbunam v. Preczewski, 141 S. Ct. 792, 800, 802 (2021). As with nominal damages, "punitive damages may be recovered for constitutional violations without a showing of compensable injury." Searles v. Van Bebber, 251 F.3d 869, 880 (10th Cir. 2001); accord Calhoun, 319 F.3d at 942. "Congress simply did not choose to provide a restriction on punitive damages." Searles, 251 F.3d at 881.

---

[3] See, e.g., Familias Unidas v. Briscoe, 619 F.2d 391, 402 (5th Cir. 1980) (recognizing nominal damages under § 1983 (citing Carey, 435 U.S. at 266–67, 98 S. Ct. at 1053–54)). In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

The dissent recognizes that nominal damages do not remedy a "mental or emotional injury" but instead redress "the bare harm that the law attributes to the violation of every legal right." Dissenting Op. 43 & n.7. In doing so, it correctly explains that § 1997e(e) uses the term "injury" in the compensable, "real-world-harm sense"—not in the "violation-of-a-legal-right" sense—and limits damages accordingly. Id. at 41. But the dissent muddles the meaning of "injury" when discussing punitive damages. It worries that our position—that punitive damages do not redress a "mental or emotional injury"—might foreclose Article III standing for a plaintiff who seeks only punitive damages and alleges only past harm. Id. at 30 n.2. But the Supreme Court has explained that a compensable injury is not required for Article III standing. See Carey, 435 U.S. at 266, 98 S. Ct. at 1054; Uzuegbunam, 141 S. Ct. at 797, 802. So no Article III standing problem is created solely because punitive damages do not redress a compensable injury.

The dissent's confusion over the relationship between punitive damages and a plaintiff's past injuries is illustrated by Mr. Hoever's own case. Mr. Hoever alleged mental and emotional injuries along with other non-physical injuries: "blemish to his prison record," "impairment of his reputation," and "defamation." We all agree that Mr. Hoever may not recover compensatory damages for the mental or emotional injuries he alleged. The dissent says that Mr. Hoever may not obtain punitive damages "based" on the alleged mental or emotional injuries, but

17

he may obtain punitive damages "based on the remaining injuries."  Dissenting Op. 45.  But any punitive damages award would be "based" on the same willful misconduct.

The dissent maintains that a jury could impose punitive damages to punish the conduct that might have led to both injuries, but it could not impose them insofar as that conduct led to one injury, but not another.  That interpretation makes no sense because punitive damages relate only to malicious conduct: they do not remedy past injuries.  After all, a plaintiff—at least one alleging a constitutional violation—need not allege a compensable injury to seek punitive damages, so long as he plausibly alleges that the underlying misconduct was willful or malicious.  See Carey, 435 U.S. at 254, 257 n.11, 266, 98 S. Ct. at 1047, 1049 n.11, 1053–54 (explaining that the failure to show measurable or quantifiable harm barred compensatory damages but not nominal or punitive damages); La. ACORN Fair Hous. v. LeBlanc, 211 F.3d 298, 302 (5th Cir. 2000) (explaining that punitive damages are recoverable for a constitutional violation without a showing of compensable harm); see also Stuart M. Speiser et al., 2A Am. L. Torts § 8:60 (2014) (explaining that punitive damages are often available under state tort law without a showing of compensable harm, at least where they are supported by a nominal damages award).

Our reading avoids this confusion. It tells the district court to dismiss only a request for compensation for an alleged mental or emotional injury in the absence of an alleged physical injury. In so holding, we join the several other circuits in determining that § 1997e(e) does not bar punitive damages in the absence of physical injury. See Kuperman v. Wrenn, 645 F.3d 69, 73 & n.5 (1st Cir. 2011); Hutchins v. McDaniels, 512 F.3d 193, 197–98 (5th Cir. 2007) (per curiam); Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004); Calhoun, 319 F.3d at 941–42; Oliver v. Keller, 289 F.3d 623, 630 (9th Cir. 2002); Thompson v. Carter, 284 F.3d 411, 418 (2d Cir. 2002); Searles, 251 F.3d at 881; Allah v. Al-Hafeez, 226 F.3d 247, 252 (3d Cir. 2000); supra note 2.

### B. Our Circuit's Prior Interpretation of the PLRA Was Incorrect

Now we turn to this Court's precedent and explain today's point of departure. This circuit's first published opinion to interpret § 1997e(e) was Harris I, 190 F.3d at 1287–90. See Al-Amin, 637 F.3d at 1196. In Harris I, we rejected the plaintiff's argument that the physical injury requirement in § 1997e(e) denied him due process. But in so ruling, this Court did not conduct a textual interpretation of the phrase "action . . . brought . . . for mental or emotional injury suffered." See Harris I, 190 F.3d at 1287–90. Neither did the Court consider any non-physical injuries that were also not mental or emotional in nature. See id.

19

Instead, Harris I emphasized the statute's reference to "physical injury" rather than "for mental or emotional injury."  See Al-Amin, 637 F.3d at 1197 (noting that Harris I "did not distinguish between cases in which a prisoner pleads a 'mental or emotional injury' and those where a prisoner does not so plead").  But again, it is the phrase "for mental or emotional injury" that qualifies the reach of § 1997e(e)'s limitation on recovery.  A prisoner need not allege physical injury in all federal civil actions in order to survive dismissal of punitive damages claims.  To rely on "physical injury," without regard to whether the plaintiff alleges a mental or emotional injury, renders the phrase "for mental or emotional injury suffered" superfluous.  Under this reading, the statute would have simply said "[n]o Federal civil action may be brought by a prisoner . . . ~~for mental or emotional injury suffered~~ while in custody without a prior showing of physical injury or the commission of a sexual act."  42 U.S.C. § 1997e(e).

But this is not the statute Congress passed.  Instead, Congress included the qualifying phrase "for mental or emotional injury" to clarify that the physical injury requirement is associated only with those actions seeking compensation for mental or emotional injury.  The interpretation from Harris I renders the qualifying phrase mere surplusage and runs contrary to a foundational canon of interpretation.  See Reiter v. Sonotone Corp., 442 U.S. 330, 339, 99 S. Ct. 2326, 2331 (1979) ("In construing a statute we are obliged to give effect, if possible, to every word

20

Congress used."); see also Scalia & Garner, Reading Law § 26, at 174–79.  Take the federal in forma pauperis statute as a contrasting example.  It contains a categorical requirement for physical injury, barring in forma pauperis actions brought by prisoners with three strikes "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Clearly, Congress knows how to write a categorical requirement.  It chose not to write one here.

In Napier v. Preslicka, 314 F.3d 528 (11th Cir. 2002), our Court again affirmed the dismissal of a punitive damages claim.  Id. at 534.  Because Napier did not specifically discuss punitive damages, our Court has described the case as a "sub silentio" ruling that the punitive damages claim was barred by the PLRA.  Al-Amin, 637 F.3d at 1198–99.  A subsequent panel then relied on Napier for the proposition that compensatory and punitive damages "are precluded under the PLRA" absent physical injury.  Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007), abrogated on other grounds by Sossamon v. Texas, 563 U.S. 277, 131 S. Ct. 1651 (2011).

And in Al-Amin, the panel considered itself bound by circuit precedent, and interpreted the phrase "for mental or emotional injury" to preclude the award of punitive damages for any claim in the absence of physical injury.  637 F.3d at 1199.  The panel in Al-Amin hewed to Harris I's interpretation of the statute by saying that limiting § 1997e(e) to compensatory and punitive suits alleging mental

21

or emotional injury would lead to "illogical results" based on "artful pleading." Id. at 1197 n.5.

But we now recognize that these concerns misapprehend the text of the statute and the nature of the physical injury requirement when it comes to punitive damages. As has been observed, other circuits "have held that . . . the special deterrent role of punitive damages means that they are not 'for . . . injury suffered,' emotional or otherwise." Carter, 940 F.3d at 1235 (William Pryor, J., respecting the denial of rehearing en banc) (collecting cases).[4] Because this Court's precedents did not grapple meaningfully with the text of § 1997e(e), we now overrule those precedents in this regard.

That brings us, at last, to Mr. Hoever's case. A jury found that Mr. Hoever's First Amendment rights were violated seven times. For those seven violations, he received only one dollar in nominal damages. On remand, Mr. Hoever should be given an opportunity to obtain punitive damages too.

---

[4] Indeed, the only circuit to conclude that the PLRA limits punitive damages absent a showing of physical injury is the D.C. Circuit. See Davis v. District of Columbia, 158 F.3d 1342, 1345, 1348 (D.C. Cir. 1998) (holding that the PLRA bars punitive damages for a constitutional privacy claim absent physical injury). However, the D.C. Circuit has recognized an exception to that rule, permitting compensatory and punitive damages in cases alleging a First Amendment violation. In that regard, the D.C. Circuit reasoned that constitutional violations could cause intangible injuries distinct from the injuries recognized at common law; the court found "it hard to believe that Congress intended to afford virtual immunity to prison officials even when they commit blatant constitutional violations, as long as no physical blow is dealt." Aref, 833 F.3d at 265. Compensatory damages under the PLRA are not before us in this appeal, so we do not reach that issue.

**IV.**

Our precedent foreclosed an important remedy intended to punish and deter the intentional violation of the rights of prisoners. Because the text of § 1997e(e) does not support that limitation, we now hold that § 1997e(e) permits claims for punitive damages without a physical injury requirement.[5]

We reverse the District Court's dismissal of Mr. Hoever's punitive damages claim for violations of the First Amendment and remand for further proceedings consistent with this opinion. In all other respects, we reinstate the panel opinion.

**REMANDED TO THE DISTRICT COURT.**

---

[5] We decline the government's invitation to address the availability of punitive damages in prison condition cases under 18 U.S.C. § 3626, as it falls outside the scope of the en banc briefing question posed to the parties. See Yarbrough v. Decatur Hous. Auth., 931 F.3d 1322, 1327 (11th Cir. 2019) (en banc) (declining to address an argument exceeding "the narrow question presented for en banc review").

NEWSOM, Circuit Judge, joined by BRANCH, Circuit Judge, and joined in Parts I and III by LUCK, Circuit Judge, concurring in the judgment in part and dissenting in part:

There is a subtle but important difference in how the Court and I read 42 U.S.C. § 1997e(e).  In the phrase "civil action . . . brought . . . for mental or emotional injury suffered while in custody," the Court sees a distinction between requests for compensatory damages, which it says are covered, and requests for punitive damages, which it holds are not.  I can't find that compensatory-punitive divide in the statutory text.  As I read it, § 1997e(e) doesn't distinguish between different forms of monetary relief, but rather between different forms of harm.  In particular, the dispositive question, to my eye, is simply whether an inmate-plaintiff's action concerns "mental or emotional injury," as opposed to some other kind of injury.  To the extent that it does, I would hold—contra the Court—that § 1997e(e) precludes him from recovering either compensatory or punitive damages unless he has made the statutorily required showing of "physical injury." To the extent, by contrast, that the inmate's suit alleges injuries that are *not* "mental or emotional," I would hold that § 1997e(e) permits him to seek both compensatory and punitive damages.

# I

At the outset, let me just say that § 1997e(e) is a tough nut to crack.  Making sense of its constituent words, phrases, and clauses—trying to get them all to fit

together "just so"—is a tall order.  Be that as it may, our task—as in every case of statutory interpretation—is to do our level best to give Congress's words their common, ordinary, everyday meaning.  The Court and I agree about that.

In pertinent part, § 1997e(e) states as follows:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . .

42 U.S.C. § 1997e(e).  Here, Mr. Hoever hasn't "show[n a] physical injury."[1] Accordingly, § 1997e(e) bars his suit—which alleges that prison guards retaliated against him for exercising his First Amendment rights and which (as presented to us) seeks punitive damages—to the extent that it constitutes a "civil action . . . brought . . . for mental or emotional injury suffered while in custody."  The Court and I agree about that, as well.

For its part, the Court holds that Mr. Hoever's prayer for punitive damages survives because, on its reading, § 1997e(e) doesn't apply to punitive-damages requests—"no matter the substantive claim."  Maj. Op. at 3.  The Court arrives at that conclusion by construing the phrase "civil action . . . brought . . . for mental or emotional injury suffered" to refer *only* to requests for compensatory damages.

---

[1] Although Mr. Hoever's operative complaint alleged that he suffered "physical injuries," the district court rejected that assertion as conclusory, and Mr. Hoever hasn't contended before us that the court erred in doing so.

According to the Court, § 1997e(e) applies only to compensatory-damages requests for two reasons.  First, the Court insists that the statutory text compels that limitation.  Specifically, the Court defines the word "for" to "indicate[] purpose or aim," observes that the term "civil action" means an action in which a plaintiff "enforce[s his] rights or obtain[s] redress of wrongs," and emphasizes "the past tense of the [word] suffer."  *Id.* at 7–8.  It follows, the Court says, that the phrase "civil action . . . brought . . . for mental or emotional injury suffered" denotes "a proceeding initiated with the purpose of obtaining redress of a wrong," which it equates with "a claim for damages."  *Id.* at 7.  Second, and separately, the Court contends that § 1997e(e)'s title—"Limitation on recovery"—demonstrates that the provision can't limit the availability of punitive damages because, it says, they aren't part of a plaintiff's "recovery."  *Id*. at 13–14.

Maybe.  Pretty much everyone else seems to read § 1997e(e) just as the Court does.  *See* Maj. Op. at 19 (noting decisions of the First, Second, Third, Fifth, Seventh, Eighth, Ninth, and Tenth Circuits holding "that § 1997e(e) does not bar punitive damages in the absence of physical injury").  But—and I realize this makes me a fly in the ointment—I'm just not sold.  For reasons I'll explain, it seems to me that § 1997e(e) is more sensibly understood to mean that an inmate can't bring a civil action *concerning*—or about—mental or emotional injury without making a prior showing of physical injury, regardless of the particular

26

form of damages he seeks.  Let me unpack that reading—under which § 1997e(e)'s physical-injury requirement would apply to both compensatory- and punitive-damages requests—and, along the way, raise a few questions about the Court's conventional-wisdom interpretation.

## A

I'll start with the Court's textual arguments and, in particular, its reading of the word "for."  I'm not convinced that "for" is best understood here, as the Court says, to "indicate[] purpose or aim."  Maj. Op. at 7 (citing dictionaries).  To be sure, the word "for" certainly *can* connote purpose.  But according to the *OED*—one of the dictionaries on which the Court relies—"for" can also mean any of (if I'm counting correctly) *76* other things.  *See For*, Oxford English Dictionary (online ed.) (last visited April 9, 2021).  If ever there were "a word of many, too many, meanings," it is "for."  *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998).  And at least as used in § 1997e(e), I tend to think that the Court's purpose-based interpretation makes for a pretty awkward fit.  When "used as a function word" to indicate "purpose," "an intended goal," or "the object of . . . [an] activity," the word "for" is typically followed by a description of that purpose, goal, or object—as in the phrases "a grant [for] studying medicine" and "run [for] your life."  *For*, Merriam-Webster's Collegiate Dictionary 488 (11th ed. 2014).  Section 1997e(e), recall, covers "civil action[s] . . . brought . . . for mental or

27

emotional injury suffered while in custody." The Court's reading of "for" thus suggests an absurdity—namely, that "mental or emotional injury" is *itself* the purpose, goal, or object of the prisoner's suit. Especially given the plethora of alternative definitions, that absurdity makes me skeptical that the word "for" is really meant, here at least, to "indicate[] purpose or aim."

Is there a better option? I think so. It seems to me more likely that, as used in § 1997e(e), the word "for" simply means "concerning" or "with respect to." *For*, Merriam-Webster's, *supra*, at 488; *see also For*, Webster's Third New International Dictionary 886 (2002) (defining "for" to mean, among many other things, "as regards: in respect to: concerning"). Splicing that definition into § 1997e(e), the provision sensibly states that "[n]o Federal civil action . . . may be brought . . . [*concerning*] mental or emotional injury suffered while in custody" without a prior showing of physical injury. Unsurprisingly to me, before today, we had explained § 1997e(e)'s use of the word "for" in *exactly* this way, without apparent controversy. *See Napier v. Preslicka*, 314 F.3d 528, 534 (11th Cir. 2002) ("[T]he PLRA covers all federal civil lawsuits filed by prisoners *concerning* emotional or mental injury suffered while in past or present custody[.]" (emphasis added)). So, translation: If an inmate brings suit about—concerning—a mental or emotional injury that he claims to have suffered while in custody, but without showing any accompanying physical injury, his action is barred.

28

This reading not only makes sense of the word "for"—and our own previous explanation of its use in § 1997e(e)—but also accords with Congress's general drafting practices. A number of statutes refer to actions or suits brought "for" some "injury," using grammar and syntax quite similar to § 1997e(e)'s. To take just a few examples—

- 16 U.S.C. § 831c-2(a)(1): "An action against the Tennessee Valley Authority *for* injury or death arising or resulting from the negligent or wrongful act or omission of any employee . . . ."

- 16 U.S.C. § 1383a(e)(7)(A): "An observer on a vessel . . . may not bring a civil action under any law of the United States *for* that illness, disability, injury, or death . . . ."

- 46 U.S.C. § 30101(c)(1): "In a civil action against the United States *for* injury or damage done or consummated on land by a vessel on navigable waters . . . ."

- 46 U.S.C. § 30508(b): "The owner . . . may not limit . . . the period for . . . bringing a civil action *for* personal injury or death . . . ."

- 50 U.S.C. § 2783(b)(1): "The remedy . . . shall apply to any civil action *for* injury, loss of property, personal injury, or death . . . ."

In each of these provisions, replacing the word "for" with "concerning" yields natural and expected results. The same cannot be said—as to any of them—of replacing the word "for" with something like "with the purpose of."

Now in fairness, the Court doesn't wager everything on the word "for." Rather, to its credit, it looks to the entire phrase in which that word is situated:

"civil action . . . brought . . . for mental or emotional injury suffered." *See* Maj. Op. at 8.  From that phrase, the Court mines two additional textual arguments. First, it says, the term "civil action" means an action "to enforce [a person's] rights or obtain redress of wrongs." *Id.* at 7 (quoting *Action*, Black's Law Dictionary (6th ed. 1990)).  And second, it says, the use of the past-tense "suffered" demonstrates that § 1997e(e) "'constitutes a limitation on a damages remedy only.'" *Id.* at 7–8 (quoting *Harris v. Garner*, 190 F.3d 1279, 1288 (11th Cir. 1999), *vacated*, *reh'g en banc granted*, 197 F.3d 1059 (11th Cir. 1999) (mem.), *opinion reinstated in relevant part*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc)).  I agree with both of the Court's premises—but not with the conclusion that it draws from them.  First, I agree that a "civil action" is a means of enforcing rights or obtaining redress of wrongs.  But surely the Court doesn't mean to suggest that an action seeking punitive damages is, by virtue of that request, not a "civil action."[2]  Second, I agree that only a request for damages—as distinguished from a request for prospective

---

[2] Or maybe (?) that's exactly what the Court means to suggest.  After all, the Court says that even though a suit seeking punitive damages can *concern* a past injury, it "do[es] not *remedy*" that injury.  Maj. Op. at 15 (emphasis added).  Rather, the Court posits, "compensatory damages are the only form of relief that redresses past mental or emotional injury." *Id.* at 9.  But consider the implications of that position:  If, as the Court insists, an award of punitive damages, by its very nature, cannot remedy (redress) a past injury, then any inmate who alleges only a past (rather than future) injury and seeks only punitive damages—like, for instance, Mr. Hoever himself—would lack Article III standing. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547–48 (2016) (standing requires an "actual or imminent" injury that is "redress[able]" by the requested remedy). *Compare Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021) (holding that nominal damages can redress a past injury).

30

injunctive relief—can remedy an "injury" that an inmate has already "suffered." But to be clear, the distinction on which the Court's interpretation hinges isn't between damages and injunctions. Rather, it's between two different kinds of damages—*compensatory* damages, to which the Court says § 1997e(e)'s physical-injury requirement applies, and *punitive* damages, to which the Court says it does not.

And that's where I get a little wobbly. As I understand it, the Court's argument for making this final, crucial move—distinguishing between compensatory- and punitive-damages requests—turns on how § 1997e(e)'s use of the past-tense "suffered" interacts with the public-policy purpose animating each of the two damages remedies. Compensatory damages are "for mental or emotional injury *suffered*" within the meaning of § 1997e(e), the Court seems to say, because their purpose is to remedy *past harm*, whereas punitive damages are not "for mental or emotional injury *suffered*" because their purpose is to deter *future misconduct*. Maj. Op. at 10–13.

I'm just not so sure about that. All monetary awards concern past injuries—*i.e.*, harm already "suffered." Compensatory damages, as the Court says, serve (at least in the main) to remediate past injuries.[3] So too, though, punitive damages

---

[3] Even there, the story is a bit more complicated. *Cf. Davis v. District of Columbia*, 158 F.3d 1342, 1348 (D.C. Cir. 1998) (noting that "the purposes of compensatory awards themselves are multifaceted (including, for example, deterrence)").

31

serve not just to deter future wrongdoing but also, as the Court acknowledges, to "punish[ ]" those who caused past injuries. *See* Maj. Op. at 12; *see also, e.g.*, *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 & n.9 (1986) (explaining that punitive damages aim, in part, "to punish the defendant for his willful or malicious conduct"); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003) (explaining that punitive damages "are aimed at [both] deterrence and retribution").

To illustrate the point, imagine an inmate who alleges that vengeful corrections officers framed him for a cooked-up disciplinary infraction and, in response, threw him in a dark, dank, rat-infested cell for two solid weeks. He brings a "civil action" "for"—*i.e.*, concerning—the "mental or emotional injury" that he "suffered" as a result of his confinement, but without alleging any accompanying physical injury. As relief he seeks to recover both compensatory damages, to remediate the harm that he "suffered," and punitive damages, to punish the defendants for inflicting the harm that he "suffered." Why, as a plain-language matter, is his request for compensatory damages necessarily barred, and his request for punitive damages necessarily not? To me, both seem to address an injury "suffered" in the past within the meaning of the statutory text. *Cf. O'Gilvie v. United States*, 519 U.S. 79, 94 (1996) (Scalia, J., joined by O'Connor and Thomas, JJ., dissenting) ("[A] personal injury is as proximate a cause of the

32

punitive damages as it is of the compensatory damages; in both cases [the injury] is the *reason* the damages are awarded.  That is *why* punitive damages are called *damages*.").[4]

**B**

The Court separately seeks support for its distinction between compensatory and punitive damages in § 1997e(e)'s title, "Limitation on recovery."  In particular, the Court says that because the root word "recover" means "regain," and because as a conceptual matter a plaintiff doesn't "regain" anything when he obtains an award of punitive damages, the statute's "[l]imitation on recovery" must pertain only to compensatory damages.  Maj. Op. at 14–15.  Congress, though, doesn't use the word "recovery" in so narrow a sense.  Quite the contrary, Congress routinely refers to plaintiffs "recover[ing]"—or to the "recovery" of—punitive damages. *See, e.g.*, 15 U.S.C. § 1691e(b) ("Recovery of punitive damages in individual and class actions . . . "); 11 U.S.C. § 362(k)(1) ("[A]n individual injured . . . may recover punitive damages."); 17 U.S.C. § 1322(b) ("A seller or distributor . . . may recover such relief as may be appropriate, including . . . punitive damages . . . ."); 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages . . .

---

[4] I recognize, of course, that in *O'Gilvie* the Supreme Court (per Justice Breyer) held that punitive damages were not "damages received . . . on account of personal injuries or sickness" within the meaning of I.R.C. § 104(a)(2).  But its decision in that case does not control our interpretation of § 1997e(e), and I find myself convinced by Justice Scalia's assessment of "the connection between an award of punitive damages and the personal injury complained of."  519 U.S. at 94 (Scalia, J., joined by O'Connor and Thomas, JJ., dissenting).

.").  Unless every one of these statutes is internally incoherent, the title

"[l]imitation on recovery" does not indicate that § 1997e(e)'s "[l]imitation" applies

only to compensatory damages.

And to be clear, Congress's consistent usage of the term "recovery" to

include punitive damages isn't a function of "imprecis[ion]."  *See* Maj. Op. at 14.

Rather, it follows straightaway from the pertinent definitions in the leading legal-

usage authorities, and it comports with the way that courts themselves employ—

and apply—the term.  *Black's*, for instance, defines "recovery," in relevant part, in

terms that readily include punitive damages: "[t]he obtainment of a right to

something (esp. damages) by a judgment or decree," or "[a]n amount awarded in or

collected from a judgment or decree."  *Recovery*, Black's Law Dictionary 1466

(10th ed. 2014).  And the judicial decisions (including our own) referring to

plaintiffs "recover[ing]"—or again, to the "recovery" of—punitive damages are

too numerous to count.  *See, e.g.*, *The Dutra Grp. v. Batterton*, 139 S. Ct. 2275,

2278 (2019) ("This case asks whether a mariner may recover punitive damages . . .

."); *Smith v. Wade*, 461 U.S. 30, 39 (1983) (holding that a showing of

maliciousness is not required for "recovery of punitive damages"); *Echols v.

Lawton*, 913 F.3d 1313, 1321 (11th Cir. 2019) (explaining that plaintiff "must

prove actual malice to recover . . . punitive damages").  Accordingly, it seems

34

absolutely clear to me that, in the context of a legal statute aimed at circumscribing prison litigation, the term "recovery" most assuredly includes punitive damages.[5]

\* \* \*

Bottom line: I just can't see anything in the phrase "civil action . . . brought . . . for mental or emotional injury suffered"—or in the title "[l]imitation on recovery"—that clearly distinguishes between compensatory- and punitive-damages awards, such that the former are necessarily covered and the latter necessarily excluded. Having said that, I acknowledge that I'm a lonely voice— that pretty much everyone seems to think the Court has § 1997e(e) exactly right. In my view, though, the provision is more sensibly read as applying, generally, to any "Federal civil action . . . brought . . . [*concerning*] mental or emotional injury suffered while in custody"—and therefore as *not* exempting punitive-damages requests from its scope.

## II

Mr. Hoever argues in the alternative that, even if § 1997e(e) bars some requests for punitive damages, it doesn't bar his because it doesn't apply to First

---

[5] One last thing: I agree with the Court that "[t]he physical injury requirement is not a bar to filing suit, only a limitation on recovery." Maj. Op. at 14. But both interpretations "limit[ ] recovery" in some respect, and do so without barring suits entirely. The Court's reading limits recovery of compensatory damages to those instances in which a plaintiff makes a prior showing of a physical injury. My reading limits recovery of both compensatory and punitive damages to those instances in which a plaintiff either (1) makes a prior showing of physical injury or (2) seeks to recover for injuries that are neither mental nor emotional.

Amendment claims at all.  In particular, he contends that a suit alleging a violation of First Amendment rights isn't for "mental or emotional" injury within the meaning of § 1997e(e), but rather for *constitutional* injury.  Mr. Hoever is hardly alone in advancing that position; several of our sister circuits have expressly embraced his "constitutional injury" theory.  *See King v. Zamiara*, 788 F.3d 207, 213 (6th Cir. 2015) ("[Section 1997e(e)] says nothing about claims brought to redress constitutional injuries, which are distinct from mental and emotional injuries."); *Rowe v. Shake*, 196 F.3d 778, 781–82 (7th Cir. 1999) ("A deprivation of First Amendment rights standing alone is a cognizable injury. . . .  A prisoner is entitled to judicial relief for a violation of his First Amendment rights aside from any physical, mental, or emotional injury he may have sustained."); *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998) ("The deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred."); *see also Wilcox v. Brown*, 877 F.3d 161, 169–70 (4th Cir. 2017) (similar); *Aref v. Lynch*, 833 F.3d 242, 262–65 (D.C. Cir. 2016) (similar).

I'll confess that I, too, initially thought that Mr. Hoever was correct—that a claim of "constitutional injury" is categorically outside § 1997e(e)'s scope and that he is therefore entitled to seek any remedy, punitive damages included, simply because he asserted a First Amendment violation.  But upon reflection, I've come

36

to the conclusion that Mr. Hoever's "constitutional injury" theory doesn't quite work.  Let me explain why.

As an initial matter, I agree wholeheartedly with the foundational premise of Mr. Hoever's argument:  Not all claims about non-physical injuries necessarily concern mental or emotional injury.  The contrary view—that if it isn't physical injury, it must be mental or emotional—runs into two problems, one conceptual and one textual.

First, as a conceptual matter, the universe of injuries isn't neatly divided between the physical, on the one hand, and the mental or emotional, on the other, such that any injury that isn't the former ipso facto constitutes the latter.  The surest refutation of that rigid dualism is the ubiquitous *economic* injury, which is neither physical nor mental or emotional.  But the taxonomy doesn't end there. Theodore Sedgwick's foundational treatise on the law of damages grouped "[t]he injuries for which the common law affords a remedy, and for which, therefore, in a proper case it gives reparation by way of damages," into the following six classes: (1) "Injuries to property"; (2) "Physical injuries"; (3) "Mental injuries"; (4) "Injuries to family relations"; (5) "Injuries to personal liberty"; and (6) "Injuries to

reputation."  Theodore Sedgwick, *A Treatise on the Measure of Damages* § 39, at 45 (9th ed. 1920).

Second, and separately, the view that an injury must be either (1) physical or (2) mental or emotional is difficult to square with § 1997e(e)'s text.  On that view, the qualifier "mental or emotional" in § 1997e(e) would have no independent bite—it would be utterly superfluous.  The provision could just as well read, "No Federal civil action may be brought by a prisoner . . . for [*any*] injury suffered while in custody without a prior showing of physical injury . . . ."  *See Aref*, 833 F.3d at 263.  Such a construction would contravene the cardinal principle of statutory interpretation that wherever "possible, every word and every provision is to be given effect."  Scalia & Garner, *supra*, at 174.  Congress's inclusion of the phrase "mental or emotional" indicates its view that there are other types of actionable injuries, outside that category's ambit.  *Cf. Aref*, 833 F.3d at 263–64; *accord, e.g.*, *King*, 788 F.3d at 213.

Accordingly, I agree with Mr. Hoever that § 1997e(e) doesn't apply to *all* claims alleging non-physical injuries.  An inmate's action asserting a violation of his rights, even in the absence of a physical injury, might well still survive § 1997e(e) on the ground that it isn't a civil action "for mental or emotional injury" but, rather, is a suit about some other kind of injury.  To take just one hypothetical, an inmate who alleges that a prison guard destroyed his books without any

legitimate penological purpose—but didn't cause him any resulting mental or emotional harm in the course of doing so—could surely bring a First Amendment suit alleging an injury to his property. *Cf. Thornburgh v. Abbott*, 490 U.S. 401, 403–04 (1989).

But I disagree with Mr. Hoever's more ambitious contention that *every* suit alleging the violation of a constitutional right is necessarily, and by definition, not "for mental or emotional injury." The nub of his position, as embraced by several other courts, is that "constitutional injuries" make up a discrete category, "distinct from mental and emotional injuries," and that because § 1997e(e) doesn't address constitutional injuries, they are exempt from that provision's physical-injury requirement. *King*, 788 F.3d at 213. The problem, it now seems to me, is that the argument conflates two different senses of the word "injury." By doing so, it creates a false choice between two concepts—"constitutional injury" on the one hand, and "mental or emotional injury" on the other. Once we dispense with that false choice, the theory—or at least any strong version of it—unravels.

Here's why. In the ordinary, more colloquial sense, "injury" means "[a]ny harm or damage." *Injury*, Black's Law Dictionary 905 (10th ed. 2014). In a more technical sense, "injury" means "[t]he violation of another's legal right, for which the law provides a remedy." *Id.* Colloquial "injury" is typically a function of real-world, observable facts, whereas technical "injury" is a function of the state of the

law at any given time. Of course, the word's two senses are related—legal rules, after all, often conform to accepted notions of harm, and the law attributes a nominal harm to any violation of a legal right. *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 799–800 (2021). But we and others have been careful to distinguish between the two senses, especially when interpreting the term "injury" in statutes. *See, e.g.*, *Nardone v. Reynolds*, 508 F.2d 660, 662–63 (5th Cir. 1975) (certifying question whether the word "injury" in a statute of limitations "connote[d] physical injury"—as in "paralysis [or] coma"—or "injury in the sense that there has been an invasion of a legal right"); *In re Geiger*, 113 F.3d 848, 852 (8th Cir. 1997) (interpretating the word "injury" to mean "legal injury . . . in the technical sense, *not* simply harm to a person" (emphasis added)); *Granahan v. Pearson*, 782 F.2d 30, 32 n.4 (4th Cir. 1985) (interpreting the word "injury" to mean "positive, physical or mental hurt to the claimant, *not* legal wrong in the broad sense that his legally protected interests have been invaded" (emphasis added)).

Now, whether Mr. Hoever's constitutional-injury argument fires or misfires turns on how § 1997e(e) uses the term "injury." If the provision uses "injury" in the violation-of-a-legal-right sense, then the violation—and hence the injury—asserted here is indeed a constitutional one, not a "mental or emotional" one, and Mr. Hoever's First Amendment claim can proceed. But if § 1997e(e)'s reference

40

to actions for "mental or emotional injury" instead uses the term in the colloquial sense to denote real-world-harm—*e.g.*, stress, anguish, or psychological trauma—then his First Amendment claim can't proceed, at least to the extent that it alleges such harm.

For several reasons, as I read § 1997e(e), the phrase "mental or emotional injury" uses the word "injury" in the latter, real-world-harm sense. First, immediately after "mental or emotional injury," § 1997e(e) references a "showing" of "physical injury." A party (seemingly, anyway) can make a "showing" of an injury only by resort to evidence, and, indeed, we have interpreted the term "physical injury" in a materially identical statute to refer to actual, factual harm rather than a violation of cognizable legal rights. *See Johnson v. White*, No. 19-14436, 2021 WL 745279, at *3 (11th Cir. Feb. 26, 2021) (interpreting the term "physical injury" in the Federal Tort Claims Act to mean "the sort that might be characterized, for instance, by scratches, scrapes, or bruises"). And if § 1997e(e) uses "physical injury" in the colloquial, physical-harm sense, then it stands to reason that it also uses "mental or emotional injury" in the same sense to refer to mental or emotional harm. *See Robers v. United States*, 572 U.S. 639, 643 (2014) ("Generally, identical words used in different parts of the same statute are . . . presumed to have the same meaning." (quotation marks omitted)). Second, the terms "mental" and "emotional" naturally modify "injury" in the ordinary,

41

colloquial sense because they're both familiar categories of factual harm.  *See*

*Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 544 (1994) ("The injury we deal

with here is mental or emotional harm (such as fright or anxiety) . . . ."); *see also*

18 U.S.C. § 3509(a)(5) (defining "mental injury" as psychological or intellectual

"harm"); Sedgwick, *supra*, at 45 (identifying "[m]ental injuries" as a traditional

category of compensable harm).  Third, and by contrast, if § 1997e(e) were instead

read to refer to "injury" in the technical, violation-of-a-legal-right sense, I'm not

sure (1) how we would meaningfully categorize actions as involving "mental or

emotional injury," (2) what would be left of the statute's application given how

few prisoner suits would be best characterized that way, or (3) what independent

role the "physical injury" requirement would play given that any particular legal

claim could fit into only one category of injury.[6]

In asking us to hold that a "constitutional injury" is, by definition, not a

"mental or emotional injury" within the meaning of § 1997e(e), Mr. Hoever is—I

think unwittingly—mixing categories, invoking the statutorily inapposite sense of

the word "injury" to denote the violation of a legal right.  After all, the modifier

"constitutional"—"[o]f, relating to, or involving a constitution"—necessarily refers

---

[6] Would, for instance, the viability of a plaintiff's claim that is "mental or emotional" by its very nature—say, for intentional infliction of emotional distress—turn on whether he alleges an altogether separate claim is that is "physical" by its nature—say, for assault?  That strikes me as bizarre.

42

to a claim's legal status rather than its harmful effects. *Constitutional*, Black's, *supra*, at 377. That conceptual commingling, I fear, dooms his position.

To be clear, I don't object to the idea, or even the existence, of "constitutional injury"—only to Mr. Hoever's use of that term in the § 1997e(e) context to refer to the violation of a legal right rather than to a distinct category of harm of the sort that would exist on the same plane as, and thus serve as a plausible alternative to, the "mental or emotional injury" that the statute describes. Nor do I deny that there will be suits alleging "constitutional injury"—*i.e.*, suits that arise under the Constitution—that § 1997e(e) won't cover. But importantly, if, say, a First Amendment claim is outside § 1997e(e)'s scope, it won't be because, as a categorical matter, it seeks to remedy a "constitutional injury," but rather because, in the particular circumstances, it *doesn't* seek to remedy a "mental or emotional injury"—the claim, for instance, could seek to remedy a separate category of injury-qua-harm (economic, reputational, etc.).[7] Just as a "mental or emotional injury" can derive from a wide range of legal rights, constitutional or otherwise, a "constitutional injury" may or may not involve the sort of mental or emotional *harm* that triggers § 1997e(e). Some constitutional claims will, some won't—

---

[7] It could even seek to remedy—albeit only through nominal damages—the bare harm that the law attributes to the violation of every legal right. *See Uzuegbunam*, 141 S. Ct. at 799–800; Sedgwick, *supra*, at 166–67. That rationale might provide the better justification for the district court's allowance of Mr. Hoever's nominal-damages request here.

distinguishing the one from the other will necessarily be a case-by-case endeavor. *See Aref*, 833 F.3d at 266–67 (adopting similar approach to hold that § 1997e(e) didn't bar an inmate's Constitution-based suit that alleged "actual harms that [were] neither mental nor emotional," such as "undue damage to primary family relationships").

So, enticing as it may seem—and again, I say so having initially been enticed myself—I find that I ultimately cannot accept the position that all actions rooted in the Constitution, including those alleging mental or emotional harms, fall within their own special category of "injury" that sits outside § 1997e(e).

## III

That leaves for me the question of what to do with Mr. Hoever's suit. In his operative complaint, Mr. Hoever alleged that in retaliation for various grievances and lawsuits that he filed, and in violation of the First and Fourteenth Amendments, corrections officers taunted him, harassed him, and threatened him—all of which resulted in the following injuries: "personal humiliation," "mental anguish," "intimidation," "blemish to his prison record," "impairment of his reputation," "defamation," and other unspecified "irreparable harm." Although Mr. Hoever originally sought compensatory damages, punitive damages, and "[a]ny additional relief" that the district court deemed appropriate, the sole

question before the en banc Court is whether the district court erred in denying him the opportunity to seek punitive damages.

Applying my own interpretation, I would hold that § 1997e(e) bars Mr. Hoever's suit to the extent that it seeks damages of any kind, compensatory or punitive, based on what I take to be the "mental or emotional injur[ies]" alleged in his complaint—"personal humiliation," "mental anguish," and "intimidation."  But I would also conclude that § 1997e(e) does *not* bar his suit to the extent that it seeks damages, of any kind, based on the remaining injuries—"blemish to his prison record," "impairment of his reputation," and "defamation."  A suit alleging only those injuries is not on my reading "for"—*i.e.*, concerning—"mental or emotional injury," and would thus fall outside § 1997e(e)'s ambit.  On remand, Mr. Hoever would be entitled to a damages trial at which he could testify to those *non-mental-or-emotional* injuries.  But he could not, for instance, testify about the "humiliation" or "mental anguish" that he experienced or receive a jury instruction authorizing the jury to consider those harms in calculating a monetary award.

That conclusion differs in most respects from the Court's, except insofar as I agree that Mr. Hoever can seek damages—including punitive damages—for the subset of his alleged injuries that are neither mental nor emotional, which aligns and overlaps with the Court's holding that he can seek punitive damages for any and all of his alleged injuries.

\* \* \*

In sum, the Court reads the phrase "civil action . . . brought . . . for mental or emotional injury suffered while in custody" to distinguish between categories of damages—compensatory damages are subject to the provision's limitation, whereas punitive damages are not. I read § 1997e(e), instead, to distinguish between categories of injury—suits concerning mental or emotional injuries are covered, whereas suits about other forms of harm are not. For the purposes of this case, that means that I interpret § 1997e(e) to bar Mr. Hoever from recovering any damages for his mental or emotional injuries, but to pose no obstacle to his recovering damages—of any kind—for his other injuries. With respect to the Court's holding that Mr. Hoever can seek punitive damages for his mental or emotional injuries, I respectfully dissent.